BIELECKI *v*. UNITED TRUCKING SERVICE.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DI-
RECTED VERDICT.
   Driving automobile at speed of about 15 miles per hour, at night,
   in storm, with lights disclosing view of not more than 10 feet,
   constituted contributory negligence of driver barring recovery
   for death of passenger caused by collision with truck and
   trailer, notwithstanding driver of latter was guilty of negli-
   gence in stopping on highway without displaying red light as
   required by State law.

2. NEGLIGENCE—LIABILITY IS MIXED QUESTION OF LAW AND FACT.
   Liability for negligence is always mixed question of law and
   fact; if there is no actionable negligence there is no liability;
   if there is negligence and contributory negligence then there
   is no remedy; if there is liability there exists actionable neg-
   ligence, and the court must define or declare essentials thereof.

3. CONSTITUTIONAL LAW—JUDICIAL POWER VESTED IN COURTS.
   Constitution of this State vests judicial power in courts.

4. SAME—STATUTES—MOTOR VEHICLES—LIABILITY FOR DAMAGES ON
ACCOUNT OF COLLISION.
   Section 5*a*, tit. 3, Act No. 318, Pub. Acts 1927, providing that in
   case of damages occurring on account of collision of vehicles
   or of vehicles with other objects in which both parties were
   violating laws pertaining to operation of vehicles, then question
   of who should be held for damages should be question of fact,
   is unconstitutional and void as attempt to take from courts
   judicial power vested in them by Constitution.

Error to St. Clair; Law (Eugene F.), J. Sub-
mitted June 7, 1929. (Docket No. 108, Calendar No.
34,428.) Decided September 4, 1929.

Case by Peter Bielecki, administrator of the estate
of Mary Bielecki, deceased, against the United

As to existence and condition of lights on automobile as affect-
ing right of owner or operator to recover for negligence, see anno-
tation in 14 A. L. R. 794; 40 A. L. R. 1243.
Failure to carry proper lights on automobile as negligence, see
annotation in 51 L. R. A. (N. S.) 996.
On constitutionality of statute forbidding direction of verdict
or nonsuit, see annotation in 29 A. L. R. 1287.

Trucking Service, Inc., and another for personal injuries. From judgment on directed verdict in favor of defendants, plaintiff brings error. Affirmed.

*Isaac S. Hughes* and *Abbott & Coulter,* for plaintiff.

*Stewart & Black* (*Dean W. Kelley,* of counsel), for. defendants.

Wiest, J. Mary Bielecki was killed while riding in a Ford truck driven by her son Peter. The accident happened near midnight, upon a paved highway, and was occasioned by the truck colliding with the end of a large iron beam upon another truck and trailer. The truck and trailer belonged to defendant company, and defendant Green was the driver. The truck and trailer carried two iron beams about 50 feet in length, each weighing between 3½ and 4 tons, and several smaller girders, and the whole load of beams and girders weighed about 14 tons. The two large beams rested upon the truck and trailer with the ends thereof projecting several feet over the rear of the trailer. The night was dark and stormy. The Ford truck collided with the projecting end of one of the large beams, forced it through the windshield and against the breast of Mrs. Bielecki, and caused her death within a few moments. The impact also drove the large iron beam forward on the large truck, and against the cab thereof, with such force that the driver had to break the windshield to get out. Claiming that the truck and trailer were stopped in the highway, with the end of one of the beams near the center of the pavement and without warning light, this suit was brought to recover damages in behalf of the estate of the de-

ceased.   Upon hearing the proofs, the circuit judge directed a verdict for defendants on the ground of the contributory negligence of Peter Bielecki, the driver, and imputable to Mary Bielecki, the passenger.   Plaintiff reviews by writ of error, and insists that the issues should have been left to the jury, and invokes the provision found in Act No. 318, Pub. Acts 1927, later quoted and considered.

Was Peter guilty of contributory negligence as a matter of law?   The lights on his truck were in poor condition as the reflectors were rusted and the outside right brake was absent.   Accepting the claim that the lanterns hanging upon the ends of the projecting iron beams were unlighted, yet the beams were of such size as to be clearly visible had the lights of the Ford truck been properly serviceable. Peter did not discover the loaded truck and trailer until within ten feet of the ends of the large beams. He was driving about 15 miles per hour, at night, in a storm, with lights disclosing a view of not more than 10 feet.   He was guilty of contributory negligence barring recovery in this case.   *Lett* v. *Summerfield & Hecht,* 239 Mich. 699.   But, even so, it is claimed that, in case of a collision of vehicles, the court may no longer direct a verdict on such ground for the legislature has taken away the power and made the issue of right of recovery one of fact and not of law.   Attorneys for plaintiff claim there was a collision within the meaning of section 5a, title 3, Act No. 318, Pub. Acts 1927, and the court could not direct a verdict.   The part of the section so invoked reads:

"That in the event of damages occurring to person or property on account of a collision of vehicles or of vehicles with other objects, in which both parties were violating any laws of the State pertaining

to the operation of vehicles, than (then) the question of who shall be held for damages shall be a question of fact."

This provision in the statute appears to have been an interloper, as it came unannounced by the title, is quite unfitted to the company where found, uncertain in meaning, substitutes fact for law, and is a disturber of long-settled principles, if given the scope urged by the attorneys for plaintiff. The provision is not a legislative adoption of the rule of comparative negligence, for it lacks every essential element of such a rule. It is a newcomer in the field of jurisprudence, and its scope and applicability must be measured before its validity can be determined. What does it mean? It only applies in case both parties violate the law of the road. It does not require, by its terms, that the violation by either or both be the proximate cause of a collision. Under our holdings, violations of the law of the road by a plaintiff, unless contributing to an injury, do not bar right of recovery. *Gleason* v. *Lowe*, 232 Mich. 300. Does it abrogate the rule of contributory negligence only in cases of violations of the road law? If it does it gives no guide in place thereof and affords no measure for determining right of recovery beyond leaving the question of who shall be held for damages one of fact. Liability for negligence is always a mixed question of law and fact. If there is no actionable negligence there is no liability. If there is negligence and contributory negligence then there is no remedy. If there is liability there exists actionable negligence, and the court must define or declare the essentials thereof. If the collision is the result of negligent acts of both parties then the law heretofore has denied relief. Is this rule changed?

If the question in such case is made one of fact only as to "who should be held for damages," then it is for the jury to make an award regardless of guidance by the court and there is no exercise of judicial power. As near as we can judge, the purpose of the provision was to take from the court the judicial power of deciding contributory negligence as a matter of law in a particular class of cases.

The circuit judge held the mentioned provision unconstitutional. The Constitution of this State vests judicial power in the courts. The mentioned provision is no more than an attempted legislative mandate to control judicial power.

We had occasion in *People* v. *Holschuh,* 235 Mich. 272, to speak of a somewhat similar legislative mandate.

The supreme court of Wisconsin, in *Thoe* v. *Railway Co.,* 181 Wis. 456 (195 N. W. 407, 29 A. L. R. 1280), had a somewhat similar question and held that, quoting from the syllabus in A. L. R.:

"Where the constitution confers judicial power upon the courts, a statute forbidding the court to direct a verdict is unconstitutional, and it is immaterial that power is left in the court to render judgment *non obstante veredicto.*"

The opinion of the court in that case can be read with profit. We quote therefrom, with approval, the following:

"The statute says in legal effect that in every case where a jury has been sworn and evidence offered the evidence is conclusively presumed to warrant a finding in favor of either party; that in every case, no matter how conclusive the proof may be as to the ultimate right of either party, the court is powerless and the jury is authorized to find, if it chooses to do

so, a verdict in favor of the party whose evidence may be wholly insufficient in law within the rule stated to sustain a judgment in his favor. If the power to determine the legal sufficiency of the evidence is a judicial power, then the legislature has exercised that power by determining in every case the legal sufficiency of the evidence to go to the jury. If this does not constitute a clear exercise of judicial power it is difficult to imagine a case where the judicial power can be invaded. At the close of the evidence the statute steps in and performs a function that has been the function of common-law courts from time immemorial. * * *

"As was said in *Kiley* v. *C., M. & St. P. R. Co.,* 138 Wis. 215, at p. 226 (119 N. W. 309, 120 N. W. 756) :

" 'The powers of the court and jury in the administration of the law in these respects were distinct and well defined at the time of the adoption of our constitution and became vested in the court and jury by its provisions. They cannot be abrogated or modified by legislative action to the extent of impairing, in any degree, the judicial power. Under the constitution courts have become vested with the judicial power to determine the questions of the legal sufficiency of the evidence to establish the rights of the parties at issue and to apply the law to the facts when found, and this power cannot be withdrawn from them and conferred on juries.' * * *

"The people of the State of Wisconsin, through the constitution ordained by them, have conferred upon the courts of this State the judicial power, which includes the power finally to construe, interpret, and apply the law in private as well as public matters. The constitution having confided this high prerogative to the courts, they would be plainly derelict in their duty if upon any pretense whatever they permitted the powers so confided to them to be exercised by other than judicial officers."

The mentioned provision establishes no law, and, as an attempted mandate, invades judicial power and is unconstitutional and void.

We find no reversible error, and the judgment is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.