SELLON *v.* TANNER.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DI-
   RECTED VERDICT.
   Driver of automobile approaching cross street, who failed to
     see truck backing into his path from said street because he
     was watching center line of pavement in order to avoid cars
     going in opposite direction, was guilty of contributory negli-
     gence as matter of law.

2. SAME.
   It is negligence as matter of law for driver of motor vehicle to
     cross over highway without looking to see whether he can do
     so in safety.

Effect of fact that driver of automobile is blinded by glare of light
as affecting liability for automobile accident, see annotation in 10
A. L. R. 294; 32 A. L. R. 887; 41 A. L. R. 1040.

3. Same—Duty to Stop if Lights Fail.
   If lights on automobile fail to disclose way ahead after dark, it is duty of driver not to proceed until he has vision of way.

4. Same—Duty When Lights of Approaching Cars Interfere.
   If lights of approaching automobiles interfere with driver's vision, it is his duty to slacken his speed and have car under such control that he can stop immediately if necessary.

5. Same—Negligence of Driver Imputable to Passenger.
   Contributory negligence of driver of automobile in collision with another car is imputable to passenger, barring latter's right to recover for injuries so received.

Error to Ingham; Collingwood (Charles B.), J. Submitted October 29, 1930. (Docket No. 141, Calendar No. 35,061.) Decided December 2, 1930.

Case by Kenneth Sellon against Gilbert J. Tanner for injuries sustained in an automobile accident. From judgment for plaintiff, defendant brings error. Reversed and remanded.

*Partlow & Metz,* for plaintiff.

*Person, Marshall & Searl,* for defendant.

Wiest, C. J. An automobile, in which plaintiff was riding as a guest of the driver, was proceeding north on the east side of the pavement of South Cedar street, in the city of Lansing, about 5:30 p. m., December 27, 1928, and, at the intersection of Greenlawn street, collided with a truck that had backed from Greenlawn street into the path of north-bound traffic on Cedar street, and plaintiff was injured, brought this suit against the owner, and had verdict and judgment. Upon review here, consideration of the question of whether defendant was entitled to a directed verdict on the ground of contributory negligence on the part of plaintiff's driver disposes of the case.

South Cedar street has a 20-foot pavement with a black line in its center. The driver of the car plaintiff was riding in was the only person able to tell of the care he was exercising, and his testimony was that he was looking at the black division line at the center of the pavement and did not see the truck until just as his car struck it. Accepting the testimony, in behalf of plaintiff, that defendant's truck backed into the intersection with the body of the truck and an overhanging timber reaching quite to the center of the pavement and directly across the path of the automobile in which plaintiff was riding, we come to the want of care exercised by plaintiff's driver. Plaintiff did not see the truck because he was looking at approaching traffic on the opposite side of the pavement. The driver, with whom plaintiff was riding, did not see the truck, until just as his car struck it, because he was watching the black mark or center line of the pavement in order to avoid the path of cars going south on the other side of the line. Conceding defendant's negligence, we have contributory negligence of plaintiff's driver established by the testimony of the driver. It is negligence, as a matter of law, for the driver of a car to proceed over a highway without looking to see whether he can do so in safety. Lights on cars are intended to disclose the way ahead after dark, and, if they fail to do so for any reason, it is a warning to the driver not to proceed without having vision of the way.

Plaintiff's witnesses testified to the movement of the truck in approaching and entering the intersection, and established the fact that the movement of the truck was visible at a distance entirely adequate for plaintiff's driver to have discovered it in time to have stopped his car had he looked ahead instead of to the side and away from the path his car

was traveling. Plaintiff's driver testified that, at the time of the collision, his car was traveling at a speed of 18 or 20 miles per hour. If the lights of approaching automobiles on the opposite side of the pavement interfered with his vision, it was his duty to slacken his speed and have his car under such control that he could stop it immediately if necessary. *Budnick* v. *Peterson,* 215 Mich. 678; *Gleason* v. *Lowe,* 232 Mich. 300; *Bielecki* v. *United Trucking Service,* 247 Mich. 661.

The accident occurred in a residence section, where traffic from side streets was to be anticipated. There was no showing that Cedar street was a through traffic street. Under the undisputed evidence, plaintiff's driver was guilty of contributory negligence, and, under the doctrine of imputed negligence, plaintiff cannot recover.

A verdict should have been directed in favor of defendant, and the judgment is reversed, with costs to defendant, and the case is remanded to the circuit court with direction to enter judgment for defendant.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.