MOORE v. UNITED STATES TRUCK CO.

1. NEGLIGENCE—IMPUTED NEGLIGENCE—GUEST PASSENGER—STATUTES.
   Guest act has not abrogated rule that automobile driver's negligence is imputable to guest, barring recovery against owner of truck with which automobile collided (1 Comp. Laws 1929, § 4648).

2. MOTOR VEHICLES—NEGLIGENCE—FAILURE TO HAVE REAR LIGHT.
   Owner of truck was guilty of negligence in leaving stalled truck and trailers on highway without rear warning light; and said negligence is not excused by fact that highway had row of arc lights in its center.

---

As to driving automobile at speed which prevents stopping within length of vision as negligence, see annotation in 44 A. L. R. 1403; 58 A. L. R. 1493.

On contributory negligence of guest injured while riding in automobile, see annotation in 61 A. L. R. 1261; 65 A. L. R. 956.

As to stopping on highway without lights, see annotation in 24 A. L. R. 510; 47 A. L. R. 706; 62 A. L. R. 972.

3. Same—Excessive Speed.

Automobile driver was guilty of negligence in driving at speed of 35 miles per hour back of another automobile and within four or five feet thereof on a misty night, with view ahead cut off, resulting in collision with truck stalled on highway; and said negligence is not excused by failure to have rear light on truck.

4. Same—Guest Passenger—Gross Negligence.

Guest passenger may not recover from host for personal injuries resulting from automobile collision, unless host was guilty of gross negligence, or wanton and wilful misconduct (1 Comp. Laws 1929, § 4648).

5. Same—Imputable Negligence—Contributory Negligence.

Guest passenger is not entitled to recover against owner of truck with which automobile in which she was riding collided, where her host was guilty of contributory negligence, since his negligence is imputable to her.

Appeal from St. Clair; George (Fred W.), J. Submitted June 15, 1932. (Docket No. 169, Calendar No. 36,299.) Decided September 16, 1932. Rehearing denied December 6, 1932.

Case by Marion D. Moore against U. S. Truck Company, Inc., a Michigan corporation, for personal injuries received in an automobile accident alleged to have been due to defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Baird, Watson & McColl,* for plaintiff.

*Evelyn A. Greene (Cady & Pepper,* of counsel), for defendant.

Wiest, J. Plaintiff, while riding in an automobile driven by Hilton Moran, was injured in a rear-end collision with a stalled truck with trailers standing upon a highway. She brought suit against Moran and the owner of the truck, charging Moran with

gross and wanton and wilful negligence in operating his car, and the truck company with negligence in parking the truck upon the highway without a rear light. The accident happened about 10 o'clock at night.

At the close of plaintiff's proofs the court held that no case had been made against Moran under the guest act (1 Comp. Laws 1929, § 4648), but let the case proceed against the owner of the truck, and plaintiff had verdict and judgment.

The guest act has not abrogated the rule that Moran's negligence is imputable to plaintiff, and bars recovery against the truck company. However, plaintiff proceeded against the truck company on the theory that Moran was guilty of no negligence.

The pavement, at the point of accident, for south-bound traffic, was 40 feet wide and had four lanes, so-called. The truck with two trailers was headed south and stalled in going up a hill in the second lane from the west side of the pavement and partly over the side of the third lane. The night was misty. Moran was going south and approached the rear of the stalled truck and trailers at a speed of about 35 miles per hour. While so driving, another car went by and in front of him and almost instantly cut out to avoid the truck. This car, when in front, was only four or five feet from Moran's car, and effectually cut off his view of the road ahead, and when that car swerved to avoid the truck, Moran discovered the truck about 15 feet ahead of him and attempted to turn out but his car skidded against the rear trailer.

The defendant truck company was guilty of negligence in leaving its truck and trailers upon the highway without a rear warning light. Moran was also guilty of contributory negligence in driving without a view of the highway ahead of him. The duty of

so driving as to have assurance of safety ahead is imposed by the law of the road and exacts no higher degree of care than that of the common dictates of prudence. We have repeatedly stated the rule applicable to this case. *Holsaple* v. *Menominee Sup'ts of Poor,* 232 Mich. 603; *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Haney* v. *Troost,* 242 Mich. 693; *Wilkins* v. *Bradford,* 247 Mich. 157; *Bielecki* v. *United Trucking Service,* 247 Mich. 661.

The highway had a row of arc lights in its center, but that did not excuse the failure of defendant truck company to have a rear light. Had there been such a light it is possible that Moran would have seen it before the stranger cut in and prevented all view of the road ahead, but this did not excuse Moran and place the blame wholly upon the defendant truck company, for Moran's duty to exercise care was manifested by the very fact that his view ahead was prevented, and it was negligence, contributing to the collision, for Moran to drive at the speed of about 35 miles per hour, back of another automobile and within four or five feet thereof on a misty night, with all view ahead cut off.

Plaintiff, in her declaration against Moran, aptly stated his negligence as follows:

"Failing to exercise due care and caution and to keep proper lookout.

"Failing to have his car under such control as to enable him to stop within the assured clear distance ahead.

"Failing to have his car under such control as to enable him to stop within the range of his lights."

The proofs established such negligence, but no recovery was had against Moran because plaintiff was his guest, and the court, without passing upon the question of whether Moran was guilty of ordinary

negligence, held that he was not guilty of gross, wilful, or wanton negligence. Plaintiff could not recover against Moran unless he was guilty of gross negligence, or wanton and wilful misconduct. *Finkler* v. *Zimmer*, 258 Mich. 336; *Bobich* v. *Rogers*, 258 Mich. 343.

Plaintiff could not recover against the truck company if Moran was guilty of ordinary negligence contributing toward the accident. The last-mentioned bar is raised by the doctrine of imputed negligence. *Sellon* v. *Tanner*, 252 Mich. 231.

The rule of proximate cause, in case of an injury occasioned by the concurrent negligence of two or more defendants, as stated in *Reed* v. *Ogden & Moffett*, 252 Mich. 362, and *Camp* v. *Wilson*, 258 Mich. 38, is of no avail to plaintiff, for her case fails if the negligence of Moran was a contributing cause to the accident.

The motion of defendant truck company for a directed verdict and/or its motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed, without a new trial, with costs to defendant truck company.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.