## BAILEY v HOLUB IRON & STEEL CO.

Ohio Appeals, 9th Dist, Summit Co

No 2996. Decided March 10, 1938

Nelson Hovey, Akron, for appellee.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellant.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas of Summit county, wherein L. Dewey Bailey brought an action against The Holub Iron & Steel Co. to recover damages for injury to his person and property resulting from a collision between his car and the company's truck. Judgment was there rendered in favor of Bailey, the plaintiff, and against the company, the defendant.

The evidence reveals the following state of things: The plaintiff drove his automobile on the evening of December 23, 1936, on one of the public highways leading into the city of Akron. He observed in front of him an automobile proceeding in the same direction. He estimated the distance between the two cars as approximately 300 feet at the time of the first observation. His rate of speed was about 25 miles an hour, and as it was slightly faster than the speed of the car ahead, his car gradually caught up with the leading car over a distance of about 900 feet. When the two cars were approximately 25 feet apart, and while ascending a slight grade, the speed of the first car was accelerated and at the same time it was turned sharply to the left to pass a motionless truck, which was owned and operated by the defendant company and which had been stopped on the highway because of mechanical trouble. The plaintiff testified that he did not know where he was looking as the car ahead of him turned sharply to the left, and that he did not see the truck, did not apply his brakes or slacken his speed at the time. He drove his car into the rear end of the truck. The resulting damages to his person and property constitute the basis of the complaint.

It should be observed that the evening was dark and clear; that the traveled part of the roadway was of ample width for cars to pass the truck; and that the said truck was standing on its right side of the highway.

The plaintiff's charge of negligence in the matter of lights on the truck and negligence in otherwise failing to properly warn highway travelers of the presence of the truck were disputed questions of fact.

A proper decision on this appeal can be bottomed upon the application of §12603, GC, to the uncontroverted facts. Was the plaintiff operating his automobile at the time of the collision at a rate of speed greater than would "permit him to bring it to a stop within the assured clear distance ahead" in violation of the statute? If he was, his own negligence bars recovery, unless he can show a legal excuse for such violation.

The Supreme Court of this state has had before it many times, for construction and application, §12603, GC, and has repeatedly held that the violation of the said section by the driving of a motor vehicle in and upon a public road or highway at a speed greater than will permit the driver to bring the automobile to a stop within the assured clear distance ahead constitutes negligence as a matter of law. In some of the decisions, however, the court has recognized that there may be circumstances which may constitute a legal excuse for so driving a motor vehicle.

Finally, in the case of **Kormos v Credit Men's Co., 131 Oh St 472**, the court determined and set forth for the guidance of lower trial and reviewing courts the following propositions of law:

"2. One who violates §12603, GC, requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed 'than will permit him to bring it to a stop within the assured clear distance ahead' is, in the

absence of proof of a legal excuse therefor, guilty of contributory negligence as a matter of law.

"3. An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

These statements of law, considered in connection with the language of the Supreme Court opinions in earlier cases, establish the rule that, ▇ where a plaintiff violates the statute and in the trial of the case there is introduced evidence of facts and circumstances which it is contended excuse such violation, and there is a motion at the conclusion of all of the evidence to direct a verdict in favor of the defendant, as was done in this case, it is the duty of the trial court to determine as a matter of law whether such facts and circumstances, if true, establish that, without the fault of the driver of the car, and because of circumstances over which he had no control, compliance with the requirement of the statute was rendered impossible. If the court finds that such facts and circumstances, if true, do not constitute such legal excuse, it is the duty of the trial court to direct a verdict for the defendant; but if the trial court finds that such facts and circumstances, if true, constitute a legal excuse, it is then the duty of the trial court to overrule the motion, and submit to the jury the question of the existence of such facts and circumstances, with appropriate charges in reference thereto.

The Supreme Court in Kormos v Credit Men's Co., supra, applied the foregoing principles of law to the facts of that case, and determined that the plaintiff therein was not legally excused from a strict compliance with the statute. It was there held that the plaintiff in the action—who, while driving his automobile at night within a few feet from the curb on the proper side of the street, at a speed of 25 to 30 miles per hour, with headlights that fulfilled all legal requirements, collided with an unlighted parked car at the moment another car coming from the opposite direction passed him, the headlights of which blinded the plaintiff so that he was unable to see, which car, however, he had seen approaching when it was several hundred feet away—was not operating his car in such a manner and under such circumstances as would entitle him to the legal excuses therein set forth.

And in deciding the appeal, the Supreme Court affirmed the action of the Court of Appeals in reversing a judgment for plaintiff and rendering final judgment for the defendant.

In the case of Matz, Admr. v Curtis Cartage Co., 132 Oh St 271, the Supreme Court determined that the facts and circumstances in that case could constitute such legal excuse, and that the trial court did not err in submitting to the jury the questions of fact involved in such claimed excuse for violation of the statute.

Applying the foregoing propositions of law to the instant case and assuming as the truth all of the facts and circumstances which it is claimed constitute such legal excuse, ▇ we find that they do not establish a situation where, without the fault of the plaintiff (appellee), and because of circumstances over which he had no control, compliance with the law was rendered impossible.

Skinner v The Penna. Rd. Co., 127 Oh St 69, 186 N. E. 722.

Gumley, Admr. v Cowman, 129 Oh St 36, 193 N. E. 627.

Watt v Jefferson Trucking Co., 130 Oh St 99, 196 N. E. 887.

Kormos v Credit Men's Co., supra.

The judgment of the Court of Common Pleas will be reversed; and this court, proceeding to render the judgment which the said court should have rendered on the motion of the defend-

ant at the conclusion of the evidence in this case, orders that final judgment be entered in favor of the appellant, The Holub Iron & Steel Co. Our conclusion in this case is in strict obedience to the the pronouncements of the Supreme Court, notwithstanding our views heretofore expressed in reference to the construction of said statute as constituting a specific requirement.

The judges of this court find that the judgment which they have agreed upon in this case is in conflict with the judgment pronounced upon the same question by another Court of Appeals—to-wit, the Court of Appeals of the Sixth District; said pronouncement having been made in the case of **Schwedler, Admx. v Interstate Motor Freight System, 53 Oh Ap 363.** The record in this case is therefore certified to the Supreme Court for review and final determination.

STEVENS, PJ, and WASHBURN, J., concur.