**SALYER, Plaintiff-Appellee, v. OYLER BROTHERS, INC., Defendant-Appellant.**

Ohio Appeals, Third District, Union County.

No. 262.  Decided May 25, 1955.

Donithen, Michel & Davis, Marion, for plaintiff-appellee.
Knepper, White, Richards, Miller & Roberts, Columbus, for defendant-appellant.

## OPINION

By QUATMAN, PJ.

This is an appeal on questions of law from the Common Pleas Court of Union County, Ohio.

The facts disclose that the plaintiff-appellee was operating his automobile at night at a speed of approximately thirty miles per hour, under extremely hazardous weather conditions; that he had been following another automobile at a distance of approximately one hundred feet for seven or eight miles; that at times, visibility was so poor he was unable to see even the pavement between the two cars but at all times could discern the tail lights of the preceding automobile, which he distinguished as being a Buick. Suddenly and without warning, the Buick swerved to the right and entered the ditch. Plaintiff immediately applied his brakes, whereupon for an instant before striking same, he was able to discern standing in his lane of traffic, the unlighted rear portion of a flat-bedded semi-trailer truck.

There was evidence that the swerving of the Buick caused water to spray into the air cutting down plaintiff's visibility at a time between the applying of his brakes and the discerning of the truck. (Record, 32, 59, 66.)

Plaintiff's car was demolished and he was severely injured.

Appellant assigns the following errors:

1. The court erred in overruling defendant's motions for judgment on the opening statement; for a directed verdict at the end of plaintiff's case, at the conclusion of all the evidence; and for judgment notwithstanding the verdict, for the reason that the evidence conclusively shows that the plaintiff was guilty of negligence as a matter of law and that said negligence directly contributed to cause the collision and his injuries.

2. The court erred to the prejudice of the defendant in permitting the sheriff to testify from hearsay, and in its charge on §6307-100 GC.

3. The court erred in its charge to the jury on the subject of damages in that the charge as given invited the jury to award speculative damages for possible future disability.

4. The court erred in its general charge in including a charge on emergency, which was not shown by the evidence to exist.

It is our opinion that the court did not err in overruling defendant-appellant's motion for a directed verdict at the conclusion of plaintiff-appellee's opening statement.

The success of plaintiff's case rests on the question as to whether or not he is in violation of §6307-21 GC, §4511.21 R. C., the pertinent part of which reads as follows:

"No person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The Supreme Court, in **Kormos v. Cleveland Retail Credit Men's Company, 131 Oh St 471**, ruled that failure to comply with this statute renders the violator guilty of contributory negligence as a matter of law. However, it has also been established that the operation of the statute may be avoided where the operator can excuse his action by proving a sudden emergency changing the situation but that did not arise by reason of his own failure or neglect to comply with the rule.

In **Smiley v. Arrow Spring Bed Company, 138 Oh St 81**, Judge William L. Hart states:

"'* * * such assured clear distance ahead is suddenly cut down or lessened, without his fault, by the entrance within such clear distance ahead and into his path or line of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith." (p. 88.)

In the instant case, the plaintiff-appellee, in both the petition and by opening statement, alleges in effect that he is excused from the operation by reason of the sudden swerving to the right and off the highway, of the preceding automobile, together with the spraying of water into the air, leaving him exposed to the rear of the truck in his forward lane of traffic and which he could not, by reason thereof, discern in sufficient time to avoid striking.

It is the opinion of this court that these allegations present a factual situation that the plaintiff should properly be given an opportunity to prove by the submission of his evidence.

It was unquestionably the purpose of the legislature in having

enacted §6307-21 GC, supra, to place a greater responsibility upon the driver of a motor vehicle by refusing him recovery for damages where he fails within the limitations of the statute to keep his vehicle under control. While this section has been said to be harsh, it is nevertheless not unreasonable to require that each driver exercise extreme caution in the operation of his vehicle on our modern but overcrowded highways, and at the same time be prepared to accept the consequences of any failure on his part to do so. A multitude of cases have arisen under the statute, many of which are ably reviewed in the briefs of this case.

In support of his contention that he is excused from the operation of §6307-21 GC, supra, plaintiff-appellee relies strongly on the case of **Schwedler v. Interstate Motor Freight System, 53 Oh Ap 363.** In that case the sustaining of a motion directing a verdict in favor of defendant, at the conclusion of plaintiff's opening statement, was overruled by the court of appeals.

The evidence disclosed that very shortly before the accident, an automobile passed the car of plaintiff (Schwedler) and then proceeded immediately in front of him. Suddenly the preceding car swung sharply to the left, and plaintiff discovered he was imminently in danger of striking a large truck standing in his lane of traffic and which he was unable to avoid. The truck was unlighted and there was a foggy gray mist in the night air.

We distinguish the Schwedler case, supra, from the instant case in that the preceding car in that case had passed the car of plaintiff only a very short time before the accident. The assured clear distance was suddenly cut down or lessened, without the fault of plaintiff, and he could not have avoided the collision in the exercise of ordinary care. Smiley v. The Arrow Spring Bed Company, supra.

In the instant case, the evidence discloses that the plaintiff had been following the preceding automobile, under extremely poor conditions of visibility, for seven or eight miles and at the close distance of one hundred feet. Certainly, under those conditions, ordinary care would demand that the plaintiff be prepared to stop his car between the distance of his car and the car ahead. Nor did the plaintiff have the right to assume that the road was free of obstructions in front of the preceding car.

Those cases holding that the operator of a motor vehicle has a right to assume that others in the use of the highway will do so in a lawful manner can have no application to the instant situation. See, **Matz, Admr., v. J. L. Curtis Cartage Co., 132 Oh St 271.** If that rule were extended it would overrule every case in which the plaintiff was found guilty of contributory negligence under §6307-21 GC, where he struck a parked vehicle in his forward lane of traffic. See, Smiley v. The Arrow Spring Bed Co., supra, and cases reported therein.

The Schwedler case was considered in **Bailey v. Holub Iron & Steel Co., 29 Abs 259.** (Ninth District.)

In that case the evidence disclosed that plaintiff, while operating his automobile at a lawful rate of speed, was in the act of overtaking the preceding automobile. At a time when the two cars were approximately twenty-five feet apart, the preceding car accelerated and at the same

time turned sharply to the left to pass a motionless truck standing unlighted in the forward lane of traffic.

The plaintiff testified that by reason of the sharp turning of the preceding automobile he did not have an opportunity to see the truck nor slacken his speed. Wherefore he struck the truck with great force.

The court recognizes the rule, in interpreting the assured clear distance ahead statute, that an operator who has failed to comply with the statute may excuse such failure by showing that without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible. Kormos v. Credit Men's Co., supra.

On page 261 of the opinion, the court states as follows:

"Applying the foregoing propositions of law to the instant case and assuming as the truth all of the facts and circumstances which it is claimed constitute such legal excuse, we find that they do not establish a situation where, without the fault of the plaintiff (appellee), and because of circumstances over which he had no control, compliance with the law was rendered impossible."

This case was certified to the Supreme Court as being in conflict with the Schwedler case but was subsequently settled by the parties and dismissed.

In a review of Ohio case law for 1936, by William L. Hart, present member of the Supreme Court of Ohio, as contained in 7 O. O., page 293, the Schwedler case is reviewed and commented upon, as follows:

"In view of the holdings of the Supreme Court the writer has doubts as to the correctness of this decision. May it not be said that the limit of the assured clear distance ahead for plaintiff's decedent was the automobile ahead of him, and since he could not see beyond it he had no right to assume that the highway was clear ahead of the first automobile? If the automobile in front had stopped suddenly to avoid collision with the tractor, and the driver of the second automobile had crashed into the automobile in front, the assured clear distance ahead rule would apply against the driver of the second car. (The Higbee Co. v. Lindemann, 131 Oh St 479, 6 O. O. 154.) The case of Schwedler v. Interstate Motor Freight System, 53 Oh Ap 363, 7 O. O. 171, is not one where the view ahead was interrupted by something coming suddenly into the path of the operator's automobile, making it impossible to avoid a collision, but a case where the operator took it for granted that there was no obstruction ahead in the highway, when as a matter of fact he had no clear view or road ahead. If he had been approaching and going over the crest of a hill, beyond the summit of which he had no view, he would not be relieved from the application of the assured clear distance ahead rule if he found himself unable to stop before crashing into a truck parked on the other side of the hill. We contend that the farther limit of the assured clear distance ahead for him was the limit of his view ahead even as modified by the forward car turning out leaving an obstruction, to-wit, the tractor, in his path a few feet farther beyond. The rule is a severe one for the motorist, but in the interests of safety on the highway, and especially for the benefit of the pedestrian, the legislature deems it a salutary one." (Page 298.)

See also, Moore v. United States Truck Co., 260 Mich., 56, 244 N. W. 228, cited with approval in Smiley v. The Arrow Spring Bed Co., supra.

It is the opinion of this court that the plaintiff-appellee failed to submit any evidence in proof of the petition that would avoid the operation of the "assured clear distance rule" as contained in §6307-21 GC. We therefore hold that the lower court erred in overruling defendant-appellant's motion for a directed verdict made at the conclusion of plaintiff's case.

We sustain appellant in its third assignment of error regarding the following charge given by the lower court.

"In determining the amount of damages that you will award, you will take into consideration the pain and suffering that the plaintiff has gone through, the nature and extent of his injuries, any permanency of injuries that may extend into the future * * *."

The rule in Ohio, with regard to prospective future damages in personal injury cases, is established in the case of **The Pennsylvania Co. v. Files, 65 Oh St 403.** The lower court in that instance charged the jury as follows:

"You may consider as an element of damages the pain he has suffered, resulting from such injuries, and also such prospective damages, if any, as the jury may believe he has sustained or will sustain."

The Supreme Court found this charge to be too broad and ruled that prospective damages should have been confined to such as were reasonably certain to follow from the injury complained of.

A similar case is found in **Toledo Railway & Light Co. v. Prus, 7 Oh Ap 412,** wherein the lower court charged:

"If you find from the testimony that those injuries are permanent you can incorporate in your assessment of damages for such future pain and suffering as you find from the evidence is liable to ensue."

The court found that the word "liable" was no more than the equivalent of "may" and that the jury, by this word in the charge, were justified in considering any damage that might by any contingency or possibility ensue in the future, and was therefore erroneous and prejudicial.

Another case in point is **Leopold v. Williams, 54 Oh Ap 540, 23 Abs 582.** In that instance the lower court charged that the jury were to consider "the extent, if any, to which it (injuries) may be permanent."

In ruling on this charge, the appellate court found that the use of the word "may" was unfortunate and prejudicial, for it suggested consideration of possible, not "reasonably certain," effects.

Appellant contends that the lower court erred in allowing the Sheriff of Union County to testify as to statements of the driver of the truck, appellant's employee, made after the accident. The statements were to the effect that the truck had been stationary on the road for fifteen or twenty minutes and that he (the driver) had made no effort to set out flares or fusees to warn approaching traffic of its presence.

Plaintiff-appellee asserts that the statements are within the "res gestae" rule; were made by an employee of the defendant and within the scope of his employment or in the alternative were not prejudicial to the defendant, as the statements were cumulative only and tended merely to corroborate the testimony of plaintiff.

In view of the length of time that expired between the time of the

accident and the time it required the sheriff to reach the scene, and the fact that the statements were made in response to the questions asked of him in the course of the official inquiry, it cannot be said that the statements were impulsive or spontaneously made while he was still subject to the stimulus and nervous excitement occasioned by the accident. See, Bake v. Industrial Commission, 135 Oh St 627; Liberty Highway Co. v. Callahan, 24 Oh Ap 374.

Appellee's contention that the statements are admissible on the theory of principal and agent, are without merit. See, 17 O. Jur., Evidence, Ch. 216, p. 285, and related cases.

In addition to not being within the "res gestae" rule, it is the further opinion of this court that the statements were prejudicial in that they were not merely corroborative or cumulative, but introduced facts that may not otherwise have been considered, namely, that the employee of the defendant made no effort to warn approaching traffic of the dangerous condition existing on the highway, by at least taking the simple precaution of setting flares or fusees. Such testimony would be damaging to the interest of defendant-appellant, and having been made by its employee, would be given great weight.

We find no additional error.

However, for the reasons and upon the authorities herein set forth, the judgment of the lower court is reversed, and this court, proceeding to render the judgment which the said court should have rendered on the motion of the defendant at the conclusion of plaintiff's evidence in this case, orders that final judgment be entered in favor of defendant-appellant. Exceptions noted.

MIDDLETON and YOUNGER, JJ, concur.