## JOHNSON *v.* MILLER.

AUTOMOBILES—GUEST PASSENGERS—UNLIGHTED PARKED TRUCK—EQUALLY DIVIDED COURT.

> Verdict and judgment for guest passenger in motorist's car against host and owner of unlighted dual-wheeled parked truck-tractor with which host's car collided in the nighttime is affirmed by an equally divided court (CLS 1956, § 257.694).

Appeal from Lenawee; Martin (Rex B.), J. Submitted June 4, 1959. (Docket No. 35, Calendar No. 47,993.) Decided January 4, 1960. Rehearing denied February 25, 1960.

Case by John Joseph Johnson against Alfred J. Miller and Robert H. Love for personal injuries sustained while passenger in defendant Miller's automobile. Verdict and judgment for plaintiff. Defendant Love appeals. Affirmed by an equally divided court.

*Baker & Durst,* for plaintiff.

*Baldwin & Walker (Ward, Plunkett & Cooney,* of counsel), for defendant Love.

---

REFERENCES FOR POINTS IN HEADNOTES

5A Am Jur, Automobiles and Highway Traffic §§ 410, 411, 500.
3 Am Jur, Appeal and Error § 1160.
Liability for collision on ground of absence or insufficiency of lights on parked motor vehicle. 21 ALR2d 95.

VOELKER, J. (*for reversal*). On December 11, 1955, about 9:30 p.m. plaintiff Johnson was riding home in defendant Miller's car as a guest passenger. As Miller drove his car along East Maumee street in Adrian it collided with the left rear dual wheels of a parked truck-tractor owned by the defendant Love. The truck was parked on its right side of the street (the same way the Miller car was proceeding) and was unlighted. There was a lighted overhead middle-of-the-street municipal street light some 87 feet from the parked truck, that is, between the truck and the oncoming Miller car just before they came together. There were trees along the street but no foliage. Upon impact the Miller car caromed off the heavy truck and "flipped" to the left, coming to rest across the street. The plaintiff Johnson was seriously injured. In due course he filed suit, the trial of which resulted in a jury verdict against both defendants for $78,427.08. Both defendants moved for judgment notwithstanding the verdict, which was denied. Defendant Love also moved for a new trial, which was also denied, and he has appealed here.

During the trial it developed that while the truck was otherwise legally parked where it had a right to be, it was, as already noted, totally unlighted. A State statute (CLS 1956, § 257.694 [Stat Ann 1952 Rev § 9.2394]) requires in substance that such a vehicle when parked during the hours this truck was parked should display 1 or more red lights visible 500 feet to the rear "under normal atmospheric conditions." A proviso therein states:

"Except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person within a distance of 500 feet upon such highway."

Another section of the same motor vehicle code (CLS 1956, § 257.684 [Stat Ann 1952 Rev § 9.2384]) provides as follows:

"(b) Whenever requirement is hereinafter declared as to the distance from which certain lamps and devices shall render objects visible or within which such lamps or devices shall be visible, said provisions shall apply during the times stated in paragraph (a) of this section upon a straight, level, unlighted highway under normal atmospheric conditions unless a different time or condition is expressly stated."

The evidence at the trial was sharply conflicting on the score of the conditions, amount and distance of visibility on the night in question. It further developed that prior to the enactment of the noted statutes the city of Adrian had passed an ordinance (uncited in the appendices) somewhat similar to the first of the above cited statutes except that it provided in substance that no light need be shown if a person could be seen for 200 feet—instead of the 500 feet mentioned in the State statute.

The trial court took the view that since the existing local ordinance imposed a standard less rigid than that of the State law, the ordinance was fatally defective and accordingly void. He further held that, inasmuch as there was thus no valid ordinance permitting certain unlighted parking under the noted proviso in the State statute, defendant Love's conceded failure to display a red light visible 500 feet to the rear, made him guilty of negligence as a matter of law, regardless of the fact that there was a street light in the vicinity and the noted conflicting evidence on the score of visibility. He accordingly so instructed the jury, to which Love took exception.

Appellant urges here in substance that the court erred in thus instructing the jury. He further urges that the court erred in failing to instruct the jury

on the issue of the claimed contributory negligence of the plaintiff. Lastly he says the jury verdict was excessive.

There was no evidence requiring an instruction on the issue of plaintiff's claimed contributory negligence. The plaintiff was merely a helpless and worried passenger in a car which was being driven rather poorly by another. This alone is no basis for such an instruction. See the searching opinion on this score of Mr. Justice BLACK in the recent case of *Yarabek* v. *Brown*, 356 Mich 120. We now pass to what we conceive to be the heart of this appeal: the judge's instructions on the issue of the appellant's negligence in parking without a red light. The precise question seems never to have been squarely considered by our Court before this case.

Under the view taken by the trial court a night-parking motorist, under pain of being held guilty of negligence as a matter of law, would have to display, however unnecessarily, a lighted red light visible to the rear 500 feet on a hypothetical unlighted street under "normal atmospheric conditions" even though actually his vehicle was parked under glaring arc lights and next to flood-lighted shop windows in a down-town area—provided only that the city fathers either had passed an ordinance that conflicted with the State law, or indeed, had neglected to pass any ordinance at all. On the other hand, if the city had passed a nonconflicting ordinance on the subject the same motorist might park the same vehicle on a fairly gloomy residential street without displaying any red light, provided only that there was some sort of street light in the vicinity and he was able to create a disputed fact issue on whether a hypothetical person might have been visible for 500 feet or more. Thus the owner of an unlighted parked vehicle might be held guilty of negligence in one vicinity and not in the other, despite the expressed State

standard in the noted alternative concerning ability to discern a person at 500 feet.

Pursuing this line of thought, even should a given parked vehicle actually display a rear red light, but there was an evidentiary dispute as to whether it was visible 500 feet to the rear under the postulated conditions, that would still seem to present a question of fact for the jury, ordinance or no ordinance. By the same token, it would follow that when no red light was displayed, but the vehicle was parked on a lighted street and there was an evidentiary dispute (as in this case) on visibility in general including how far objects and persons were visible under the postulated conditions, that should still pose a question of fact for the jury.

Such an interpretation as made below, though concededly an arguably permissible one under the rather awkward and ambiguous wording of the State statute, results in an absurdity. This our courts try to avoid when and where we possibly can. That view invests with far too much magic the accident of whether the city fathers had passed the right kind of ordinance on the subject, if any, and too much ignores the actual realities of this common traffic situation. We interpret the State law to declare that a motorist must display such a red light unless he chooses to take the chance that there is sufficient other lighting in the vicinity to discern a person 500 feet away on a normal clear night—and further that a city ordinance might so provide. But it cannot be the ordinance that makes the parked vehicle or a person visible; it must be the actualities of the situation. Where disputed, visibility must always remain a matter of proof to be resolved by the trier of the facts.

We are aware that in support of the view taken by the learned trial judge it might be urged that the State legislature meant by its action to invest

municipalities with the sole authority by ordinance to create the alternative situation (where unlighted night parking might ever be permitted), with the general plan and notion that the legislating municipalities could thus at the same time arrange for and intelligently control the spacing and range of street lighting to conform to the standard of visibility set forth in the statute. The trouble with that view is that there is no indication whatever in this record (or without it, for that matter) that there is any such uniform or scientific planning of street or highway illumination in this regard either in the municipality in question or among Michigan municipalities in general. Moreover the statute itself, perhaps wisely, does not undertake to define "normal atmospheric conditions" of visibility, whatever they may be—any more, for example, than a wise legislature would attempt exactly to define similar hypothetical standards of "due care." Finally, when the conditions of visibility, as here, appear not to have been normal (the plaintiff himself was at some pains to show that they were not), it seems inevitably to follow that, where disputed, questions of fact as to visibility are better left up to that traditional solver of such "impossible" knotty questions, the jury itself. It is not the mere passage of a nonconflicting municipal ordinance that makes such night parking safe within the meaning of the statute. A person might in fact be visible twice 500 feet on a street in municipality A that either possessed no ordinance on the subject or one, as here, that conflicted with the statute; the same person might in fact be invisible a mere 100 feet in municipality B, which slavishly followed the same State statute. The point is that where the fact of such visibility is disputed, the resolution of that dispute should be left up to the jury, ordinance or no ordinance.

Allowing for the difference in facts and for the further circumstance that the effect and construction of a municipal ordinance appears not directly to have been involved, we think the following language from *Hanser* v. *Youngs,* 212 Mich 508, 513 is not inappropriate to our problem:

"In the instant case the testimony introduced on behalf of plaintiff was to the effect that the truck was standing underneath an arc light. \* \* \* It was a question for the jury, we think, as to the amount of light at the place of the accident. Obviously if the truck was standing under the bright rays of an arc light, we cannot say, as a matter of law, that the absence of the tail light was a contributing cause of the injury. The trial court \* \* \* was in error in eliminating from the consideration of the jury the question of the want of a tail light."

To the extent that the decision or certain language in *Moore* v. *United States Truck Co.,* 260 Mich 56, conflicts with our present decision (oddly enough, neither the court below nor counsel have referred to that case), it should be overruled.

The situation is not saved, as appellee seems to suggest, by the fact that the trial judge correctly instructed the jury that it must also find that Love's negligence was a proximate cause of the accident. If the basic issue of Love's negligence was erroneously peremptorily instructed, as we presently find and hold, the error was scarcely cured by correctly leaving him a possible escape hatch. Love had an instruction coming on proximate cause in any event. The error in the instruction on Love's negligence as a matter of law was not cured by a correct instruction that the jury must also find that any such negligence on his part was a proximate cause of the accident. In a situation like this the chain of instruction is no stronger than its weakest link.

In our view the court erred in taking the question of the negligence of Love away from the jury and the error was manifestly prejudicial. Since the case must be retried there is no point in our discussing the claimed excessiveness of the jury verdict.

The case should be reversed and remanded for new trial as to both defendants. No costs, a question of statutory construction being involved.

SMITH, BLACK, and EDWARDS, JJ., concurred with VOELKER, J.

KELLY, J. (*for affirmance*). I disagree with Justice VOELKER'S conclusions: (1) That the statute is ambiguous and awkwardly drawn, and the court erroneously interpreted the statute; (2) That a new trial should be granted with a mandate from this Court that defendant's negligence be determined on the theory that defendant does not have to comply with the statutory provisions requiring a red light if defendant chooses to take the chance that there is sufficient other lighting in the vicinity to discern a person 500 feet away on a normal clear night; (3) That the court erred in taking the question of negligence away from the jury, and the error was manifestly prejudicial.

No claim was made during the trial that the applicable statute (CLS 1956, § 257.694 [Stat Ann 1952 Rev § 9.2394]) was ambiguous. This section clearly requires that a vehicle parked upon a highway at night must have a light visible to the rear for a distance of 500 feet, with the exception that municipalities could by ordinance provide that no light need be displayed upon the parked vehicle if a person at that point could be seen for a distance of 500 feet.

Appellant did not claim ambiguity in regard to this section in his appeal, but contended that an-

other section of the same motor vehicle code (CLS 1956, § 257.684 [Stat Ann 1952 Rev § 9.2384] referred to in the opinion of Justice VOELKER but not commented upon) stated that the sufficiency of the lighted parking lamp or device should be construed to be such as to give a warning 500 feet "upon a straight, level, unlighted highway under normal atmospheric conditions." This section would not be applicable to the present case because it is conceded that there was no warning light on the parked vehicle.

Justice VOELKER does not explain his reasons how he concludes the statute is ambiguous and awkwardly drawn, and I do not share his view in that regard. The legislature demanded the light on the parked vehicle unless excused by a municipal ordinance drawn under the mandate and provisions of the statute.

There was no such ordinance in Adrian at the time of the collision, and neither Justice VOELKER nor appellant so claims.

Appellant refers to Judge Martin's opinion denying the motion for judgment notwithstanding the verdict, as follows:

"Now, it is apparent the city ordinance was passed when the State statute permitted a city by ordinance to make it unnecessary to have parking lights on vehicles when they were parked where there was sufficient light to reveal a person within a distance of 200 feet upon such street. The city fathers missed this minute change from 200 to 500 feet in the avalanche of legislation that descended upon them over a period of years. No one can be criticized for the legislation, nor for the failure to notice it. However, it does establish a rule of conduct and defendant failed to follow it. The State statute governs as the city ordinance does not conform to it. The defendant was negligent in parking his tractor on the city street without a parking light being on."

Appellant states:

"If the city of Adrian had amended its ordinance to state 500 feet rather than 200 feet, then defendant Love would not have been guilty of negligence in this particular regard and it would have been the jury's task to have found him guilty of common-law negligence, if guilty of any negligence."

Justice VOELKER uses the same "if" argument. He states:

"On the other hand, if the city had passed a non-conflicting ordinance on the subject the same motorist might park the same vehicle on a fairly gloomy residential street without displaying any red light, provided only that there was some sort of street light in the vicinity and he was able to create a disputed fact issue on whether a hypothetical person might have been visible for 500 feet or more. Thus the owner of an unlighted parked vehicle might be held guilty of negligence out of hand in one vicinity and not in the other, despite the expressed State standard in the noted alternative concerning ability to discern a person at 500 feet."

We are not dealing with "ifs" or "mights." We are confronted with what existed, and there was a conflict between the Adrian ordinance and the State statute. The trial court was correct in instructing the jury as follows:

"Now, this ordinance does not conform to the requirements to make a legal exception to the statutory requirements of a red light visible for 500 feet to the rear.

"Therefore, even if the defendant Love complied with the ordinance in that there was sufficient light to reveal a person within 200 feet, he did not comply

with the State statute, and he was therefore negligent of violation of that State statute."*

I cannot agree with Justice VOELKER's statement that: "In our view the court erred in taking the question of the negligence of Love away from the jury, and the error was manifestly prejudicial." An examination of the instructions discloses that the question of Love's negligence was submitted to the jury with proper and adequate instructions as to common-law negligence and proximate cause.

In *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528, we held (pp 533, 534):

"Plaintiff's driver testified on the trial that immediately prior to the accident he was operating the truck and semitrailer at a speed of approximately 30 miles an hour. He was, therefore, violating the statutory limitation of 25 miles an hour, as prescribed by CL 1929, § 4766, as amended by PA 1933, No 253, and PA 1937, No 330 (CLS 1940, § 4766, Stat Ann 1945 Cum Supp § 9.1643). The trial court submitted to the jury the question of whether such negligence contributed to the accident. Defendant insists this was error and that the motion for directed verdict should have been granted on the theory that plaintiff's driver was guilty of contributory negligence as a matter of law.

"It has been repeatedly recognized by this Court that the mere fact that a party, in a case arising out of an accident, was guilty of negligence does not necessarily establish that such negligence was a contributing factor to the accident and injury. In *Arvo* v. *Delta Hardware Co.,* 231 Mich 488, it was claimed by the defendant that plaintiff could not recover because of failure to comply with the statute requiring a light to be displayed on the left side of the

---

* See 37 Am Jur, Municipal Corporations, § 165, pp 787–791; *People* v. *McGraw,* 184 Mich 233; *National Amusement Co.* v. *Johnson,* 270 Mich 613; *Noey* v. *City of Saginaw,* 271 Mich 595; *People* v. *Pickett,* 339 Mich 294, 300, 301 (45 ALR2d 1341).

vehicle driven by plaintiff's decedent. The trial court, however, left it to the jury to determine whether there was any (p 491) ' "causal connection between the statutory violation or the doing or omitting to do the act and the injury." ' In approving such instruction it was stated in the opinion of this Court that the instruction merely stated the law. The general rule was quoted from 1 Cooley, Torts (3d ed), p 269, as follows:

" ' "The principle is, that to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." ' "

Appellant contends that the Adrian ordinance is valid even though in conflict with the State statute. There is no merit to this contention. In *People* v. *McGraw,* 184 Mich 233, 238, we said:

"In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto. This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws."

I do not agree with the statement that this Court should be concerned about the fact that the record does not establish that the municipalities could "arrange for and intelligently control the spacing and range of street lighting to conform to the standard of visibility set forth in the statute." It is not the province of this Court to pass upon the wisdom of legislation, provided the statute does not violate constitutional limitations. We cannot conclude that those who control municipalities will not practically and intelligently, by ordinance, designate the street or streets within their confines that are exempt from the Statewide safety precautionary measure.

The unambiguous provision of the statute does not give us the right "to declare that a motorist must display such a red light unless he chooses to take the chance that there is sufficient other lighting in the vicinity to discern a person 500 feet away on a normal clear night," thus making visibility a "matter of proof to be resolved by the trier of the facts."

I agree with Justice Voelker that there was no evidence requiring an instruction on the issue of plaintiff's claimed contributory negligence.

Appellant, admitting that plaintiff suffered severe injuries hospitalizing him for 4 months and resulting in a leg which is shortened by 2 to 2-1/2 inches and which definitely results in a limitation of movement of the limb, claims that the jury's verdict was excessive. No objection is made to the court's instruction on damages.

The question of damages rests in the sound judgment of the trier of facts, and this Court will not reverse the jury's finding unless the Court's conscience is shocked by the award. See *Cawood* v. *Earl Paige & Co.*, 239 Mich 485; *Gibbons* v. *Delta Contracting Co.*, 301 Mich 638; *Kurta* v. *Probelske*, 324 Mich 179; *Samuelson* v. *Olson Transportation Co.*, 324 Mich 278.

We do not conclude that the jury erred in determining damages in this case.

Judgment affirmed. Costs to appellee.

Dethmers, C. J., and Carr, and Kavanagh, JJ., concurred with Kelly, J.