FRALEY *v.* J. CALVERT'S SONS.

KOPP *v.* SAME.

POKRIEFKE *v.* SAME.

1. Motor Vehicles — Contributory Negligence — Imputed Negligence—Street Intersection Accident.

   Contributory negligence on the part of the driver of an automobile bars recovery by guest passengers and administratrix of his estate from owner of truck involved in accident at street intersection.

2. Same—Care Required of Driver—Street Intersection.

   The general rule with reference to contributory negligence of the driver of an automobile is that he must drive at such a rate of speed and have his car under such control that he can stop it within the clear vision ahead but in approaching an intersection he must use greater care than when driving upon some other part of the highway.

3. Same—Right of Way—Street Intersection.

   Driver of truck, towing another truck at night across street intersection, who had right of way by reason of having entered street intersection and partially crossed it had right to assume that driver of car approaching on intersecting street saw or would see each of the trucks and have his car under such degree of control as would an ordinarily prudent person under like circumstances.

4. Same—Contributory Negligence.

   Driver of automobile *held,* guilty of contributory negligence as a matter of law in attempting to cross street between two moving trucks not more than 18 feet apart under circumstances where he saw or should have seen each of them (1 Comp. Laws 1929, § 4730).

Appeal from Wayne; Ferguson (Homer), J. Submitted January 17, 1934. (Docket Nos. 62–64, Calendar Nos. 37,308, 37,410, 37,411.) Decided April 3, 1934.

Separate actions of case by Chester Fraley, Arthur Kopp and Margaret Pokriefke, administra-

trix of the estate of George F. Pokriefke, against J. Calvert's Sons, a Michigan corporation, for personal injuries and death of plaintiff Pokriefke's decedent as the result of an automobile accident at a street intersection alleged to be due to defendant's negligence. Cases consolidated for trial. Verdicts and judgments for plaintiffs. Defendant appeals. Reversed.

*Ernest P. LaJoie,* for plaintiffs.

*Frederick J. Ward,* for defendant.

EDWARD M. SHARPE, J. These three cases were tried together and together submitted to this court. The plaintiffs Fraley and Kopp were passengers in a Ford sedan driven by plaintiff Pokriefke's intestate. Fraley and Kopp are suing for personal injuries and Margaret Pokriefke is suing under the death act (3 Comp. Laws 1929, §§ 14061, 14062) for the death of her intestate. Unless otherwise indicated, the word "plaintiffs" will be used to mean all of the plaintiffs in the three suits.

These suits arise out of an automobile accident which occurred April 9, 1931, at about 10 o'clock p. m., at the intersection of Harper and McClellan avenues in Detroit, Michigan. Harper avenue runs in an easterly and westerly direction and at the intersection with McClellan avenue is 66 feet wide with car tracks on the north side of the avenue, leaving a space of about 35 feet between the south line of Harper avenue and the south car track. McClellan avenue angles in a northwest and southeast direction with a jog in the street of about 50 feet on the north side of Harper. McClellan has a general width of 30 feet but widens at the point of intersection with Harper to a distance of about 56 feet.

McClellan avenue is dark from Gratiot to Harper avenue, a distance of about 900 feet. On the southeast corner of the intersection of McClellan and Harper is a fruit stand, unlighted at the time of the collision. At the southwesterly corner of the intersection there is a billboard which slants from a position about 11½ feet from Harper avenue to about 26 feet from Harper avenue, near McClellan avenue. This billboard has lights on it but the light is thrown directly on the billboard. There is a boulevard stanchion light about 11 feet high and about 36 feet west from the point of the accident, the light being on Harper avenue. There is a gas station at Holcomb and Harper avenues, one block west of McClellan, on the southerly side of Harper, and on the northerly side of Harper is a Gulf oil station, both of which were illuminated with the ordinary illumination of gas stations on the night of the accident.

The plaintiffs' Ford was being driven in an easterly direction on Harper avenue, a paved street, and at a distance of about eight feet from the south curb line. Defendant's truck was being driven by defendant's employee in a northerly direction upon McClellan avenue and at the same time was towing another truck, the property of said defendant. The first truck was well out into Harper avenue and the rear truck was just entering the intersection when the Ford car, occupied by plaintiffs Fraley and Kopp and driven by plaintiff Pokriefke's intestate, collided with the left front end of the second truck.

Plaintiffs claim that the Ford was being driven east on Harper avenue at from 20 to 25 miles per hour; that when the Ford was within approximately 25 feet of the intersection the first truck was in its path and the driver of the Ford slowed down to about 15 miles per hour to let the truck go by; that he then started to proceed on his way and, evidently

noticing the tow chain for the first time, made a sudden right-hand turn in order to avoid the tow chain and in so doing hit the front left side of the towed truck. The plaintiffs allege that the tow chain was more than 15 feet in length, that it was about the same color as the pavement, and that it carried no flag or warning signal.

Plaintiffs further claim that both trucks were cutting the corner and that the rear truck was not more than 13½ feet east of the west curb of McClellan and was not properly lighted. The statute and city ordinance regulating the towing of vehicles are as follows:

Subdivision B, § 38, Act No. 90, Pub. Acts 1929 (1 Comp. Laws 1929, § 4730):

"The draw bar or other connection between any two vehicles, one of which is towing or drawing the other on a highway, shall not exceed fifteen feet in length from one vehicle to the other. Whenever such connection consists of a chain, rope or cable, there shall be displayed upon such connection a red flag or other signal or cloth not less than twelve inches both in length and width."

Subdivision A, § 72, Detroit city ordinance No. 115-C, approved January 28, 1931:

"No operator shall tow more than one motor vehicle nor more than two trailers.

"(a) When towing a motor vehicle, the connection shall not be over sixteen feet long, provided that if such connection is over three feet long, there shall be attached thereto and in the center thereof a white flag not less than twelve inches in both width and length."

The defendant contends that as the trucks neared Harper avenue they came to a stop, then proceeded out into Harper avenue; that they got to where the front end of the front truck was six or seven feet

south of the east-bound street car track; that the second truck was five or six feet out into Harper avenue; that at this time the driver of the first truck noticed plaintiffs' car 150 feet away coming at a rate of speed of between 40 and 45 miles per hour; that he then brought his trucks to a stop, and that the plaintiffs' driver had plenty of room to go in front of him. Defendant also contends that the tow chain was the proper length, had a white flag on it, that the second truck was lighted and on its proper side of the street, and that the headlights on plaintiffs' car did not comply with the State law (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931) in that its lights would not distinguish a person 200 feet away; that the place where the collision occurred was a business district and that the lawful rate of speed at that point was 15 miles per hour.

Plaintiffs conceded that any contributory negligence on the part of the driver of the Ford must be imputed to them and would bar their recovery.

The questions of negligence, contributory negligence and proximate cause in their relation to the speed of all cars, whether or not the trucks came to a stop, the length of the tow chain, the lights on the cars, etc., were all fairly presented to the jury under instructions from the trial judge. The jury found for the plaintiffs and defendant appeals, contending that plaintiffs' driver was guilty of contributory negligence as a matter of law.

Assuming that the testimony of the plaintiffs is correct, we find that the intersection where the collision occurred was not a stop street, that the defendant's driver had proceeded into the intersection with the first truck when plaintiffs' car was from 100 to 150 feet away, that at the instant plaintiffs' driver turned to the right to avoid a collision the

second truck was moving at a slow rate of speed and at a distance of from 12 to 18 feet in the rear of the first truck, that the second truck was unlighted, was on the wrong side of the street, and was connected to the first truck with a tow chain which did not comply with the city ordinance.

The most serious question is not whether plaintiffs' driver should have seen the tow chain, but whether or not he was guilty of contributory negligence in attempting to drive between these two moving trucks at the intersection when they were not more than 12 to 18 feet apart and, upon discovery of the tow chain, in turning to the right and attempting to drive south upon McClellan avenue.

This court has laid it down as the general rule with reference to contributory negligence that the driver of an automobile must drive at such rate of speed and have his car under such control that he can stop it within the clear vision ahead. *Sellon* v. *Tanner,* 252 Mich. 231.

It is also the general rule that the driver of a car approaching an intersection must have it under control and must use greater care than when driving upon some other part of the highway. In the case of *Hemington* v. *Hemington,* 221 Mich. 206, the court said (p. 208):

"It was actionable negligence for defendant to approach the intersecting highway at 45 miles per hour. She should have had her car under such reasonable control that she could have met with safety the very common situation with which she was confronted."

In *Swainston* v. *Kennedy,* 253 Mich. 518, it was stated by the court (p. 520):

"The case is not one for the discussion of authorities, but for the application of the familiar rules

that each driver was bound to make the observations at the intersection which, and to see and to do what, an ordinarily prudent person would have made, seen and done, and each could assume that the other would conduct himself as a reasonably prudent driver unless, until, and in so far as a reasonably prudent person would have apprehended to the contrary."

The record discloses that the defendant's driver had the right of way at the intersection, and while this did not relieve him from the obligation of exercising ordinary care, he had the right to assume that when plaintiffs' driver approached the intersection, and saw or should have seen the first truck of defendant out in the middle of Harper avenue and the second of defendant's trucks entering Harper avenue that he would have his car under such degree of control as would an ordinarily prudent person under like circumstances.

We must therefore hold that the plaintiffs' driver was guilty of contributory negligence in attempting to cross between two moving trucks when the distance separating them did not exceed 18 feet. When he approached within 25 feet of the intersection, he must have seen or should have seen the second truck moving out into Harper avenue. Under those circumstances he should have stopped his car or have had it under such control that he could have seasonably turned to the right and have avoided the accident.

Judgment reversed, without a new trial, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.