## GUINA v. HARROD.

1. AUTOMOBILES—PEDESTRIANS CROSSING AT STREET INTERSECTIONS—
   ANTICIPATION OF ILLEGAL ACTS.

   Pedestrians have the right to cross the street at street crossings
   even on a through street and are not required to anticipate
   that motorists will violate ordinances, statutes or rules of
   safety.

2. SAME—PEDESTRIANS—STREET INTERSECTIONS—VISION.

   Motorists must anticipate the presence of pedestrians at street
   crossings and must so drive, when they cannot see whether
   crossing is clear, as to be able to meet conditions which may
   be reasonably expected.

3. SAME—PEDESTRIANS CROSSING AT STREET INTERSECTION—NEGLI-
   GENCE.

   In action by pedestrian who crossed immediately in front of
   automobile which had stopped close to center of street at near
   side of intersection into path of defendant's car which was
   exceeding speed limit and passing stopped car on latter's right,
   physical facts *held*, to justify finding that defendant's negli-
   gence was sole cause of accident.

Appeal from Wayne; Driscoll (George O.), J.,
presiding. Submitted January 21, 1936. (Docket
No. 59, Calendar No. 38,657.) Decided April 6, 1936.

Case by Anna Guina against L. C. Harrod for
personal injuries sustained when struck by defend-
ant's car. Judgment for plaintiff. Defendant ap-
peals. Affirmed.

*Leo J. Carrigan,* for plaintiff.

*Leo H. Robb* and *Maurice Miller,* for defendant.

Fead, J. On trial before the court without a jury, plaintiff had judgment for damages from being struck by defendant's automobile at the corner of Hamilton avenue and Lawrence avenue in the city of Detroit.

Hamilton avenue is a through street, with double street car tracks in the center. Plaintiff and three other women came to the corner to cross Hamilton avenue from the east side. They made observations to the north and saw no car approaching. When about at the center of the street they saw a Plymouth car some 40 feet away, coming from the north and along the west street car track. It slowed down and stopped. They proceeded westerly, the two women ahead passed in safety but plaintiff and her companion were struck by the right front fender of defendant's car, which had come from the north and had passed the Plymouth car on the right side.

Defendant was violating an ordinance of the city in two respects; first, in driving at a slightly excessive speed; and second, in passing the Plymouth car on the right instead of the left side.

Defendant said he was driving at the right and a little behind the Plymouth car. The latter had turned to the left and straddled the street car track so that defendant thought the driver was about to make a left-hand turn, which would entitle the defendant, under the ordinance, to pass on the right. However, the Plymouth driver gave no signal of intention to make a turn. Defendant stated that he approached with his car under control and plaintiff and her companion suddenly stepped out in front of his car.

Upon the whole testimony, the reasonable inference is that the accident happened because defendant was driving close to and a little back of the

Plymouth car so that plaintiff and her companion could not see him nor could he see them.

Pedestrians have the right to cross the street at street crossings even on a through street. They are not required to anticipate that drivers will violate ordinances, statutes or rules of safety. Drivers must anticipate the presence of pedestrians at street crossings and, when they so drive that they cannot see whether the crossing is clear, they must have their cars under such control as to meet conditions which may be reasonably expected. Defendant was negligent in approaching the crossing without proper control of the car in view of his inability to see conditions at the crossing.

The facts do not indicate that plaintiff and her companions were negligent in failing to see defendant's car nor, when they passed the Plymouth automobile, did there arise in them a duty to anticipate the presence of a car proceeding in violation of the ordinance. We agree with the circuit court that the accident was due solely to defendant's negligence.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.