DeCOOPMAN v. HAMMOND.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—INTERSECTION.
Plaintiff motorist at 2:30 on a morning in June who drove south on west 40-foot lane of travel on through highway, stopped at intersection of cross road, turned east past center parkway 39 feet wide, stopped again, observed lights of defendant's car approaching at a distance he estimated to be from 600 to 900 feet, started car across north 40-foot lane of travel and did not look again until just over center of lane just before he was struck by defendant's car, *held* guilty of contributory negligence as a matter of law even when evidence is accorded view most favorable to plaintiff.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 16, 1937. (Docket No. 31, Calendar No. 39,374.) Decided May 21, 1937.

Case by Fred DeCoopman against E. P. Hammond for damages for personal injuries suffered in an intersection collision between automobiles. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Vandeveer & Vandeveer,* for plaintiff.

*Ernest P. LaJoie,* for defendant.

WIEST, J. Woodward avenue, at Twelve Mile road in Oakland county, has a 39-foot parkway in the center, with 40-foot lanes for traffic on each side. June 17, 1934, at about the hour of 2:30 in the morning, plaintiff drove his automobile south over the west traffic lane of Woodward avenue, intending to

turn east on Twelve Mile road. He stopped at the intersection, turned east past the center parkway, stopped again and, before crossing the lane of northbound traffic on Woodward avenue, looked to the south and saw the lights of defendant's approaching car, estimated that it was from 600 to 900 feet away and, thinking he had time to cross ahead of it, started his car without looking again until just over the center of the traffic lane and then defendant's car was right upon him, struck his car, and he was injured.

Upon trial by jury plaintiff had verdict but the court entered judgment for defendant, finding plaintiff guilty of contributory negligence as a matter of law.

Upon review plaintiff contends that the court was in error in so finding and in not entering judgment on the verdict.

According the most favorable view to the evidence in behalf of plaintiff he was guilty of negligence in the eyes of the law. Plaintiff saw the lights of the approaching automobile; it was nighttime; he could but guess at its location, could tell nothing about its speed and he drove slowly in its pathway without paying any further attention to its approach until just as it struck his car. The ordinarily prudent man needs no prodding to awaken to the fact that such failure to watch a known approaching danger in the nighttime, with ability, had he done so, to have avoided the collision, was want of reasonable care.

If defendant was exceeding the speed limit, as claimed by plaintiff, such fact cannot be held an excuse of plaintiff's want of reasonable care.

Defendant was on a through street and plaintiff on a stop street, with defendant's car approaching from his right. Under the undisputed facts this case

is ruled by our holdings in *Boerema* v. *Cook,* 256 Mich. 266; *McKelvey* v. *Hill,* 259 Mich. 16; *Young* v. *Martinich, ante,* 267.

Affirmed, with costs.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.