PLASKETT *v.* VAN BUREN COUNTY ROAD COMMISSION.

1. Negligence—Imputed Negligence—Automobiles.

   In wife's action against defendant for injuries sustained in collision between defendant's truck and car in which plaintiff was riding and which was driven by her husband, the contributory negligence of the latter is imputable to plaintiff.

2. Appeal and Error—Directed Verdict—Judgment Notwithstanding Verdict.

   On appeal from verdict and judgment for plaintiff, evidence must be taken in its most favorable construction for plaintiff where defendant had made timely motions for directed verdict and for judgment notwithstanding the verdict.

3. Negligence—Emergency—Dangerous Intersection.

   In action arising out of collision between northbound car in which plaintiff was riding and defendant's truck which was practically out of the southerly part of dangerous intersection which it had entered from the east and made a left turn, where plaintiff's husband drove at speed of 30 to 35 miles an hour and did not attempt to slacken pace prior

---

When an actor should recognize the existence of a risk, see 2 Restatement, Torts, § 289 and comments.

to collision although both he and plaintiff saw truck while some 57 feet south of it after it had turned corner around which husband knew traffic sometimes came, so-called emergency rule was inapplicable since an emergency suggests a situation in which the time elapsing after the occurrence of an unexpected event is nòt sufficient to permit one to take proper action to avoid danger.

4. AUTOMOBILES—INTERSECTIONS.

If traffic on an intersecting road can be seen approaching curve to road on which car in which plaintiff is traveling is approaching, plaintiff's driver is chargeable with seeing what plainly was to be seen.

·5. SAME—OBSCURED INTERSECTION.

Motorists approaching an intersection which is obscured must use such care under the circumstances as would be required by an ordinarily prudent person.

6. SAME—INTERSECTIONS—CONTROL OF CAR.

The driver of a car approaching an intersection must have it under control and must use greater care than when driving upon some other part of the highway.

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DANGEROUS INTERSECTION—AUTOMOBILES.

Plaintiff's driver who approached dangerous intersection on road with which he was familiar at speed of 30 to 35 miles an hour without attempting to slow up or stop his car after he saw defendant's truck which was making left turn onto road on which plaintiff was riding *held,* guilty of contributory negligence barring recovery.

Appeal from St. Joseph; Warner (Glenn E.), J. Submitted June 5, 1940. (Docket No. 26, Calendar No. 41,151.) Decided October 7, 1940. Rehearing denied February 7, 1941.

Case by Nora Plaskett against Van Buren County Road Commission for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

· *Earl L. Burhans,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant.

Sharpe, J. Defendant appeals from a judgment entered upon the verdict of a jury in favor of plaintiff for damages sustained by her as a result of a collision between an automobile in which plaintiff was riding and a truck owned and operated by the Van Buren county road commission.

The accident occurred at the intersection of what we shall call the Wildey Cemetery road and the Black River road in Van Buren county. The Wildey Cemetery road runs in a north and south direction. The Black River road runs east and west and intersects with the Wildey Cemetery road. The Black River road enters the Wildey Cemetery road on the eastern side and does not continue through the Wildey road. In the middle of the intersection, there is a grassy triangle which is not used for travel, although it can be driven over. The triangle is two or three inches higher than the traveled portion of the road. Because of the triangle, the Black River road splits into two angling curves at the intersection, one of the curves goes into the north and south road on the north and the other curve into the north and south road on the south. The width of the southern curve at the intersection is 13½ feet. Southeast of the corner is a cemetery which extends for some distance along the south boundary of the Black River road and along the east side of the north and south road. The view is blocked on the north side of the cemetery by three oak trees and by some bushes located along the fence about 100 feet east of the northwest corner of the cemetery. The high point in the cemetery road is at a point about 75 feet south of the corner and from that point the road slopes downward to the northeast and south.

On the morning of July 10, 1939, at about the hour of 10:30, plaintiff's husband was operating an automobile on the cemetery road and at the same time

plaintiff was a passenger in the car driven by her husband. Plaintiff's husband was driving the car at a speed of between 30 and 35 miles per hour. At the same time defendant's truck was being driven westerly along the Black River road.

The collision occurred as the truck was coming out of the Black River road from the east and turning south into the cemetery road. The truck used the south or left fork in making its turn to the south and was practically out of the intersection at the time of the collision. Plaintiff and her husband both saw defendant's truck emerging from the Black River road when they were about 57 feet south of the car. Plaintiff's driver made no attempt to slacken the speed of his car and struck the truck about in the middle of its left side.

The sole question presented for review relates to the contributory negligence of plaintiff's driver, which negligence, if any, is imputable to plaintiff. It is conceded that defendant made timely motions for a directed verdict and judgment notwithstanding the verdict; and that under such circumstances the evidence must be taken in its most favorable construction for plaintiff.

One of plaintiff's witnesses testified that the cemetery was on a ridge at the corner above the north and south road. Plaintiff's driver testified that he was intending to continue north past the corner; that as he approached the corner he made observations to the east, but did not see anything until defendant's truck rounded the corner; that at this point plaintiff was 57 feet south of the intersection; that the brakes on his car were in fair working order; that at the rate of speed he was traveling he could have stopped in less than 200 feet; that he did not remember if he applied the brakes; that he was familiar with the corner; that he didn't expect

any car to be coming south; that he knew traffic sometimes came around that corner; and that he couldn't see a car on the Black River road from a point south of the intersection.

It is urged by defendant that its truck had the right of way; that plaintiff's driver was under a high degree of duty to discover its presence and take it into account; that defendant's truck reached the intersection first, was in plain sight, and plaintiff should have had his car under sufficient control to stop within the assured clear distance ahead; that if the corner was an open corner, then plaintiff's driver was guilty of negligence in not seeing a vehicle approaching from the right; and that if the corner was a blind corner, plaintiff's driver was guilty of negligence in approaching the corner at a rate of speed which would prevent him from stopping within the assured clear distance ahead.

Plaintiff relies upon a line of cases enunciating the emergency rule as stated in *Torbert* v. *Smith's Estate* (syllabus), 250 Mich. 62, where we held:

"Since negligence may not be predicated on strict mathematical computation of time, distance, and rate of speed, but, when unexpected occurs, time must be allowed driver, put in peril without his fault, to appreciate danger and form judgment of how he will meet it."

In our opinion the above rule has no application to the facts in the instant case. An emergency suggests a situation in which the time elapsing after the occurrence of an unexpected event is not sufficient to permit one to take proper action to avoid danger.

In the case at bar, the car and truck were approaching a dangerous corner. Plaintiff's driver was familiar with the road. He knew it was a narrow curve (13½ feet). He also knew and had a

right to expect that cars would come around that particular curve. If traffic on the Black River road could be seen approaching the curve, then plaintiff is charged with seeing what plainly was to be seen.

In *Knight* v. *Merignac,* 281 Mich. 684, we said:

"When plaintiff was entering the intersection, defendant's car was approximately 20 feet east of the intersection traveling at a speed of 30 miles per hour without giving any indications of according the right of way. Plaintiff failed to make suitable observations; she is chargeable with seeing what could have been seen."

See, also, *Momany* v. *Railway Co.,* 282 Mich. 168; *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528); *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440; *Phillips* v. *Inter-City Trucking Service, Inc.,* 280 Mich. 30.

If we consider that the view of the intersection is obscured, then it is the duty of drivers in approaching the intersection to use such care under the circumstances as would be required by an ordinarily prudent person.

In *Fraley* v. *J. Calvert's Sons,* 266 Mich. 460, 465, we said:

"It is also the general rule that the driver of a car approaching an intersection must have it under control and must use greater care than when driving upon some other part of the highway."

In *Block* v. *Peterson,* 284 Mich. 88, 94, the court said:

" 'While the law accords the right of way, it requires as well, the exercise of at least "horse sense." The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see,

without exercising precaution commensurate with reasonable prudence.' *Kerns* v. *Lewis*, 246 Mich. 423.''

In *Hekman Biscuit Co., for the use and benefit of Royal Indemnity Co.*, v. *Commercial Credit Co.*, 291 Mich. 156, the plaintiff's driver approached a blind corner from the side at which he had the right of way. He slowed down somewhat before entering the intersection but none the less drove out in front of defendant's car and collided with it. The court quotes and adopts the opinion of the trial court as follows:

''Notwithstanding, knowing from what had been told him beforehand that this was a bad crossing, knowing from his view of this brush that he could not see cars coming from the east, it was his duty to approach that intersection, and I say in spite of his right of way, with such care that he could stop his car if he had to, and that he didn't do.''

In the case at bar, plaintiff's driver did not have the right of way. He approached the intersection at a rate of speed of 30 to 35 miles per hour and made no attempt to slow up or stop his car after he saw defendant's truck. The failure of plaintiff's driver to take ordinary precautions in approaching this intersection prevents any recovery.

The judgment is reversed, without a new trial. Defendant may recover costs.

BUSHNELL, C. J., and BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.