SAUNDERS v. BERGER.

1. AUTOMOBILES—MOTORCYCLES—CONTRIBUTORY NEGLIGENCE—INTER-
SECTIONS—RIGHT OF WAY—SUDDEN EMERGENCY.

In motorcyclist's action against motorist for injuries sus-
tained in collision at an intersection after motorist had
cut the corner as he turned left and had right front wheel
on center line of street and stopped just before plaintiff's
motorcycle hit the car, evidence *held*, to establish that plain-
tiff was guilty of contributory negligence as a matter of law
where, although car was on the wrong side of the street,
plaintiff, according to his own testimony, was going 18 to 20
miles an hour and thereby failed to show he was not in part
responsible for the sudden emergency by failing to have his
machine under such control as to be able to stop it upon reach-
ing intersection with which he was familiar where his view of
traffic upon other street was obstructed by parked cars and
a house.

2. NEGLIGENCE—SUDDEN EMERGENCY—CONTRIBUTORY NEGLIGENCE.

A person's acts subsequent to his discovery of the sudden emer-
gency confronting him should not be judged by the ordinary
standards of due care in determining whether or not he is
guilty of contributory negligence.

3. AUTOMOBILES—INTERSECTIONS—DUE CARE.

When the view of an intersection is obscured, it is the duty
of operators of motor vehicles approaching it to use such care
under the circumstances as would be required of an ordinarily
prudent person.

Appeal from. Calhoun; Hatch (Blaine W.), J.
Submitted January 21, 1941. (Docket No. 123,

Definition of contributory negligence as conduct falling below
standard to which he must conform and which contributes to cause
plaintiff's injury, see 2 Restatement, Torts, § 463.

That an actor with particular knowledge of a concealed or ob-
scured intersection will be held to a standard of care consistent with
such knowledge, see 2 Restatement, Torts, § 289, comment g, illustra-
tion 4.

Emergency in which plaintiff acts must not, to free him from con-
tributory negligence, have been caused by his own antecedent negli-
gence, see 2 Restatement, Torts, § 470.

Calendar No. 41,511.) Decided April 8, 1941. Rehearing denied May 21, 1941.

Case by Norman Saunders against William G. Berger for damages for injuries resulting from collision of plaintiff's motorcycle and defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Geo. A. Winkler* and *Emory M. Gregg,* for plaintiff.

*Joseph W. McAuliffe,* for defendant.

BUTZEL, J. College street runs north and south in the city of Battle Creek and extends into Champion street at the south, where it ends. Champion street runs northwest and southeast. The northeast corner of College and Champion streets forms a 110-degree angle. Both streets are approximately 29½ feet wide, and neither street is a stop street. The entire district is built up with substantial residences and buildings. Parking is allowed on both sides of Champion street.

At 7:30 in the morning of December 6, 1939, plaintiff's motorcycle collided with a car driven by defendant at the northeast intersection of these streets. As a result of the collision, plaintiff suffered serious injuries and in the present suit he recovered a verdict of $3,000 for the damages suffered. Defendant appeals.

At the time of the accident, automobiles were parked on both sides of Champion street to within a short distance of College street. Because of a large house situated on the northeast corner of the intersection, neither defendant or plaintiff was able to see the other until immediately prior to the col-

lision.  Plaintiff was traveling west on Champion street and defendant, having come south on College street, was attempting to turn left on Champion street at the time of the accident.  Plaintiff testified that he was operating his motorcycle at a speed of 18 to 20 miles per hour from the middle of the block until just prior to the collision.  As he approached the intersection of College and Champion streets his view to the right was cut off by the house on the northeast corner and also by cars parked along the north curb of Champion street.  Plaintiff said that he was opposite the last parked car before the intersection when he first saw defendant's car, which at that time was at the north curb of Champion street.  At this moment, plaintiff testified that he was 24 feet away from defendant's car and 17 feet away from the point of collision.  Defendant, driving on the east side of College street, cut the corner in commencing to turn left on Champion street, came to a stop and then proceeded at an angle into Champion street about the length of his car, when he came to a full stop with his right front wheel on the center line of Champion street just before plaintiff's motorcycle struck his car.

Plaintiff contends that he was faced with a sudden emergency and that he did not have time either to turn his motorcycle or stop in order to avoid a collision.  He attempted to throw his motorcycle on its side, allowing it to slide into defendant's car and leave him sitting on the pavement.  However, the maneuver was unsuccessful, and plaintiff was thrown against the left front portion of defendant's car, suffering a broken leg when the heavy motorcycle fell on him.

The principal question is whether plaintiff was guilty of contributory negligence as a matter of law. The testimony disclosed that defendant's car was stopped at the time of the collision; that defendant

had entered the intersection first; that defendant approached from plaintiff's right, thus having the right of way; that defendant had cut the corner and was on the wrong side of the intersection in executing the left turn; and that both parties were acquainted with the neighborhood and that particular intersection. Plaintiff states in his brief that a reaction time of three-fourths of a second would carry him 19.8 feet at 18 miles per hour and at least 20 additional feet would be required before he would be able to bring his motorcycle to a stop according to his own testimony. He therefore required a fraction under 40 feet to come to a stop when he first saw defendant 24 feet away. Had defendant been on the proper side of College street, his automobile would have been 12 or 13 feet further west. According to plaintiff's testimony, plaintiff would not have been able to stop his motorcycle in time to avert a collision, but plaintiff claimed that he would have been able to turn up College street and avoid the accident if defendant had been on the proper side of College street. Defendant made a motion for directed verdict at the conclusion of plaintiff's proofs and at the conclusion of all proofs; moved for judgment *non obstante veredicto* after the jury returned a verdict for plaintiff, and also made a motion for a new trial. Although hesitant, the trial court denied defendant's motion for a directed verdict and allowed the case to go to the jury. While the case presents a very close question, we hold that the trial court should have granted defendant's motion for a directed verdict.

The testimony viewed in its most favorable light for plaintiff fails to establish plaintiff's freedom from contributory negligence. It is undoubtedly true that plaintiff was confronted with a sudden emergency and that his acts subsequent to his dis-

covery of the danger should not be judged by ordinary standards of due care, but we do not feel that plaintiff has established the fact that the emergency was not brought about by his own negligence in approaching the intersection at such a speed that he did not have the necessary control over his motorcycle. As stated by this court in the recent case of *Plaskett* v. *Van Buren County Road Commission,* 295 Mich. 54, 59:

"If we consider that the view of the intersection is obscured, then it is the duty of drivers in approaching the intersection to use such care under the circumstances as would be required by an ordinarily prudent person."

According to plaintiff's testimony in the present case, he continued at the same rate of speed as he approached the intersection despite the fact that he was familiar with the vicinity and knew, or should have known, that his view would be obstructed. See *Hekman Biscuit Co.* v. *Commercial Credit Co.,* 291 Mich. 156; *Ehrke* v. *Danek,* 288 Mich. 498.

Each automobile accident case of necessity depends upon the facts of the individual case. We feel upon an examination of the record in the present case in a light most favorable to plaintiff that he failed to prove freedom from negligence and that he was guilty of contributory negligence upon his own showing, leaving no question of fact for the jury.

Decision of the trial court is reversed with instructions to enter judgment for defendant. Defendant is awarded costs in both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.