NEANDER v. CLAMPETT.

1. AUTOMOBILES — PEDESTRIANS — INTERSECTIONS — LEFT TURN — INSTRUCTIONS.

Claimed error by injection of foreign issues into instructions given with respect to yielding right-of-way by left-turning motorist at street intersections when traffic light changed *held*, not substantiated under record presented in action against westbound pedestrian on north side of intersection when struck by left-turning motorist who had been theretofore proceeding eastward, such instructions having been emphasized by trial court as clarifying rights and duties of the defendant motorist.

2. SAME—LEFT TURN—RIGHT-OF-WAY—INSTRUCTIONS—STATUTES.

Instruction that left-turning motorist was required to yield right-of-way to vehicles from opposite direction in or near intersection and after giving the appropriate signal could proceed left and other vehicles approaching from opposite direction at a greater distance were then to yield to the motorist, in accord with statute regulating such turns was not error, it not being required by statute or ordinance that such a motorist must await a favorable traffic light before completing the left turn (CLS 1954, § 257.650).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles § 737.
[2] Liability for accident arising from failure of motorist to give signal for left turn at intersection, as against oncoming or intersecting motor vehicles. 39 ALR2d 65.
[3] 5 Am Jur, Automobiles §§ 730, 732, 739.
[4] 5 Am Jur, Automobiles § 740.
[4] Duty of pedestrian before crossing street to look for vehicles approaching on intersecting street. 9 ALR 1248; 44 ALR 1299.
[5] 5 Am Jur, Automobiles § 737.
[6] 5 Am Jur, Automobiles § 625; 20 Am Jur, Evidence § 1027.
[6] Admissibility of report of operator filed pursuant to law, respecting automobile accident. 69 ALR 905.
[7] 3 Am Jur, Appeal and Error § 890; 5 Am Jur, Automobiles § 743.

3. SAME—PEDESTRIANS—LEFT TURN—INSTRUCTIONS—REQUEST TO CHARGE.

Pedestrian plaintiff's complaint that court failed to charge as requested that left-turning motorist was required, first, to see that it could be done in safety was not well-founded, where court covered the substance of the request by its instructions in general and particularly by charging that the motorist could make the turn provided he did it with due care under all the circumstances.

4. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

It was not error to charge that contributory negligence on part of plaintiff pedestrian, however slight, would bar her right to recover from defendant motorist, where court repeatedly charged that negligence of the plaintiff barring recovery must have been such as contributed to her injuries.

5. SAME—PEDESTRIANS—INSTRUCTIONS.

Court's instructions, taken as a whole, *held*, to have fairly stated the rights and duties of the parties and not to have prejudiced plaintiff pedestrian's rights so as to entitle her to reversal of verdict and judgment for defendant motorist.

6. EVIDENCE—OFFICER'S REPORT OF ACCIDENT.

Exclusion of officer's report of accident *held*, not to have prejudiced plaintiff pedestrian in her action against left-turning motorist who struck her at street intersection, where such report and relevant testimony would not have supported plaintiff's version of the disputed facts.

7. AUTOMOBILES—PEDESTRIANS—POINT OF IMPACT—GREAT WEIGHT OF EVIDENCE.

Jury's verdict for defendant was not against the great weight of the evidence, where there was evidence to support both versions as to where the point of impact was, a disputed matter which bore on the question of defendant motorist's negligence and plaintiff pedestrian's contributory negligence.

Appeal from Wayne; McDonald (Archie D.), J., presiding. Submitted October 14, 1955. (Docket No. 11, Calendar No. 46,505.) Decided December 28, 1955.

Case by Hilda B. Neander against Dennis C. Clampett and Elizabeth Clampett for damages for

personal injuries sustained when struck by automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Addison D. Connor,* for plaintiff.

*Carl F. Davidson* and *Roy P. Nelson,* for defendants.

Dethmers, J. Plaintiff appeals from judgment for defendants entered on a jury verdict of no cause for action in her suit for damages resulting from injuries sustained when struck by defendants' automobile.

Plaintiff was walking west on the north side of an east-and-west street and, when the traffic light turned green in her favor, she proceeded to cross an intersecting, 4-lane, north-and-south highway. The automobile, owned by both defendants and driven by defendant Dennis C. Clampett, hereinafter called the defendant, was traveling east and, with the traffic light green in its favor, entered the intersection of the 2 streets and turned to its left, or north. Defendant was about 2 feet from plaintiff when he first saw her and plaintiff did not see defendants' automobile until it was 3 feet from her. The point of impact constituted the only material factual dispute between them, plaintiff saying that she was struck in the west half and the defendant saying she was struck in the east half of the north-and-south highway.

First, plaintiff says that the court injected foreign issues into its charge to the jury by commenting on the rights and duties of one driving into an intersection and making a left turn with respect to automobiles approaching from the opposite direction and at a time when there is a change in the traffic light. Plaintiff says no other automobiles

were approaching nor did the light change. The court emphasized that its instructions in this connection were intended solely to clarify the rights and duties of defendant. Nothing said in that respect was of such character as to confuse the issues of this case in the minds of the jury, nor did it misstate the law or constitute prejudicial error.

Next, plaintiff says that the court erred in charging that after defendant entered the intersection he was required to yield to vehicles approaching from the opposite direction, which were either in or near the intersection, and to give the appropriate signal, and that then he might proceed to turn left and that other vehicles approaching from the opposite direction at a greater distance were then required to yield the right-of-way to defendant. The instruction was in accord with CLS 1954, § 257.650 (Stat Ann 1952 Rev § 9.2350), and was not in error. Plaintiff's contention that it was improperly given appears to stem from her position that the law required defendant, after entering the intersection under a favorable green light, to stop and wait for a change in the traffic light before completing the left turn. We are cited to no statutory or ordinance authority for that view.

Plaintiff complains of the court's failure to charge, as requested, that defendant, before turning left, was required, first, to see that it could be done in safety. The court covered the substance of this request by its instructions in general and particularly by charging that defendant could make the turn provided that he did it with due care under all the circumstances.

Plaintiff points to an isolated statement in the court's instructions to the effect that the verdict must be no cause for action if both plaintiff and defendant were guilty of negligence without the addition that negligence of plaintiff, to bar recovery,

must have been a proximate cause. Repeatedly in its instructions, however, the court charged that negligence of the plaintiff barring recovery must have been such as contributed to the accident and her injuries. The court's statement that contributory negligence on the part of plaintiff, however slight, would bar her right to recover was not in error.

The court's instructions, taken as a whole, fairly stated the rights and duties of the parties and did not prejudice plaintiff's rights so as to entitle her to reversal.

Plaintiff says the court erred in excluding from evidence the officer's report of the accident. Examination thereof and of relevant testimony discloses that it would not have supported plaintiff's version of the disputed facts and that no prejudice to plaintiff resulted from its exclusion.

The point of impact was a matter of dispute which bore on the questions of defendant's negligence and of plaintiff's contributory negligence in failing to see defendants' automobile until it was 3 feet away. There was evidence to support both versions and a jury verdict in accord with that of the defendant was not against the great weight of the evidence nor were defendants liable as a matter of law to plaintiff so as to entitle her to a directed verdict.

Affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.