1. AUTOMOBILES—DRIVERS—CONDITIONS—OBSERVATIONS.
 A motorist must maintain a reasonable and proper lookout, see
 what plainly may be seen, and act with due care according to
 existing conditions. *Ortega v. Lenderink*, 190.

2. SAME—PEDESTRIANS—STREET INTERSECTIONS—VISION.
 Motorists must anticipate the presence of pedestrians at street
 crossings, and if they cannot see whether a crossing is clear,
 they must drive so as to be able to meet conditions which may
 be reasonably expected.

3. SAME—STREET INTERSECTIONS—OBSCURED VIEW.
 It is the duty of drivers in approaching an intersection where
 the view is obscured to use such care under the circumstances
 as would be required by an ordinarily prudent person.

4. NEGLIGENCE—INSTRUCTIONS.
 A trial court is not required to instruct the jury on the relative
 amounts of care to be exercised by the parties, and it is
 proper to instruct that the standard of ordinary care under
 the circumstances is the test required for both pedestrians
 and drivers alike.

5. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — IN-
 STRUCTIONS.
 It is not error to charge that the contributory negligence on the
 part of plaintiff pedestrian, however slight, would bar his
 right to recover from defendant motorist.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobiles and Highway Traffic § 355.
[4, 6] 8 Am Jur 2d, Automobiles and Highway Traffic § 1021.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1023.
[7] 53 Am Jur, Trial § 143.

6. SAME—PARKING TOO CLOSE TO CROSSWALK—VIOLATION OF STATUTE
—NEGLIGENCE—REQUEST TO CHARGE.

It was reversible error for trial court to fail to give request to charge that defendant was guilty of negligence as a matter of law in parking his truck within 20 feet of an intersection crosswalk, where defendant established his violation by his own admission in open court (CLS 1961, § 257.674).

7. APPEAL AND ERROR—EXCLUSION OF HEARSAY—WAIVER OF OBJECTION—CLOSING ARGUMENT.

Waiver of objection to exclusion of portion of a police officer's deposition in pedestrian's action against motorist because of hearsay nature and not introduced to impeach credibility of a certain witness *held*, to have been effected in view of reference to the testimony in closing argument to jury.

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 November 7, 1967, at Grand Rapids. (Docket No. 2,478.) Decided March 25, 1968. Leave to appeal granted to plaintiffs and to defendant Lenderink June 14, 1968. See 381 Mich 755.

Complaint by Leonard Ortega, individually, and as next friend of Robert M. Ortega, a minor, to recover for injuries suffered by Robert M. Ortega against Arend Lenderink, Donald Veenstra, and Dona Veenstra. Verdict of no cause of action. Plaintiff appeals. Affirmed as to defendants Veenstra and reversed and remanded as to defendant Lenderink.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley*, for plaintiff.

*Cholette, Perkins & Buchanan (William J. Addison* and *Calvin R. Danhof*, of counsel), for defendant Lenderink.

*Shivel, Phelps, Linsey & Strain*, for defendants Veenstra.

Burns, J. Plaintiffs appeal a jury verdict of no cause of action.

Robert M. Ortega, a minor, was injured when he was struck at an intersection in the city of Grand Rapids by an automobile driven by defendant Dona Veenstra. Robert's father, Leonard Ortega, individually and as next friend, brought a negligence action jointly and severally against Dona Veenstra, Donald Veenstra, the owner of the car, and Arend Lenderink doing business as Clancy Food Market, the latter defendant being joined for allegedly having parked his truck too close to the intersection so as to obscure the vision of those crossing the intersection.

Robert Ortega, who was 7 years and 7 months old at the time of the accident in 1962, attempted to cross Clancy street from the west to the east side at or near its intersection with Fairbanks street in a primarily residential area in the city of Grand Rapids. Whether Robert was running or walking as he approached the street to cross and whether he made any observation of oncoming traffic is disputed on the record. As he stepped into the street from a position near the front of defendant Lenderink's truck, which was parked on the west side of Clancy street near the Fairbanks intersection, he was struck by an automobile being driven south on Clancy street by defendant Dona Veenstra.

· Defendant Veenstra testified that she was not in a hurry and was just driving down the street, and there was no allegation that she had been exceeding the speed limit. Fairbanks street is controlled by a yield-right-of-way traffic sign at its intersection with Clancy street.

Plaintiffs pose 3 issues for our consideration:

"(1) Did the jury instructions adequately cover plaintiffs' claims as to all bases of liability against the defendants?

"(2) Did the trial court err in refusing to instruct the jury that defendant Lenderink was guilty of negligence as a matter of law?

"(3) Did the trial court err in excluding a portion of the deposition of officer Jack Billingsley?"

Under the first issue plaintiffs object specifically to several aspects of the jury instructions. Concerning defendant Veenstra's duty to maintain a proper lookout, the jury was instructed, in addition to a general instruction on the duty to exercise due care under the circumstances, as follows:

"Every driver must so operate his automobile under conditions that he makes proper observation at all times to see the things that can be seen and then act accordingly."

This is a substantially accurate statement of the law. The Supreme Court in *City of Kalamazoo* v. *Priest* (1951), 331 Mich 43, 47, has said:

"Other duties are inherent in the exercise of that due care which connotes freedom from negligence as defined by the courts. Among the latter are the duties to maintain a reasonable and proper lookout, to see what is plainly there to be seen and give it due heed, and, before proceeding, from a suitable observation of conditions then and there existing, to form a reasonable belief that it is safe to proceed."

The trial court informed the jury to this effect in the instant case.

The duty to anticipate the presence of pedestrians at street intersections where visibility is obscured is closely related to the duty discussed above. The

concise statement of the applicable rule is found in
*Guina* v. *Harrod* (1936), 275 Mich 393, 395:

"Drivers must anticipate the presence of pedes-
trians at street crossings and, when they so drive
that they cannot see whether the crossing is clear,
they must have their cars under such control as
to meet conditions which may be reasonably ex-
pected."

Quoted with approval in *Greenberg* v. *Greenberg*
(1953), 337 Mich 390, 393, and *Wisnaski* v. *Afman*
(1954), 341 Mich 453, 459.

The trial judge's instruction closely paraphrases
the rule enunciated in *Guina* v. *Harrod, supra,* with
only one significant variation: the last 5 words
were changed to read "then and there existing."
This alteration was to plaintiffs' benefit rather than
to their prejudice. Plaintiffs cite *Sweet* v. *Ring-
welski* (1961), 362 Mich 138, in support of their
arguments that the trial court by its instruction
relieved defendant Veenstra of her duty to have
her vehicle under such control as to meet dangers
which could reasonably be expected. To the con-
trary the court's instruction required defendant
Veenstra to have her automobile under control to
meet any and all circumstances even if the specific
danger which developed could not have been reason-
ably expected.

The plaintiffs requested that the jury be in-
structed that upon approaching an intersection
with obscured visibility, a motorist must exercise
a higher degree of care or extra vigilance and cau-
tion. Several cases make a theoretical distinction
between the general *standard* of ordinary care un-
der the circumstances and the *amount* of care
required in specific circumstances. However, these
cases, after indulging in this analytical nicety, ulti-
mately apply the general standard. See, for exam-

ple, *Plaskett* v. *Van Buren County Road Commission* (1940), 295 Mich 54, and *Fraley* v. *J. Calvert's Sons* (1934), 266 Mich 460.

The *Plaskett Case* is correctly cited in *Saunders* v. *Berger* (1941), 297 Mich 199, 203, for the following widely accepted proposition: " 'If we consider that the view of the intersection is obscured, then it is the duty of drivers in approaching the intersection to use such care under the circumstances as would be required by an ordinarily prudent person.' " This was the clear and repeated import of the instructions under review.

Plaintiffs requested the trial court to instruct the jury that defendant Veenstra was required to exercise more care than plaintiff Robert Ortega under the circumstances. A trial court is not required to instruct the jury on the relative *amounts* of care to be exercised by plaintiff and defendant. The trial court properly instructed the jury that the standard of ordinary care under the circumstances is the test required for both pedestrians and drivers alike. The cases of *Bartlett* v. *Melzo* (1958), 351 Mich 177, and *Bishop* v. *Plumb* (1961), 363 Mich 87, relied upon by plaintiffs, are not in point.

Plaintiffs argue that the jury should have been instructed on defendant Veenstra's duty under statute* to sound her horn when reasonably necessary to insure the safe operation of her vehicle. The subject was adequately covered in the court's instruction concerning the standard of ordinary care under the circumstances. This Court is aware of no case *under these particular facts* which establishes a duty to sound one's horn or which would require a specific jury instruction on a motorist's duty to sound his horn in addition to the general instruction on ordinary care.

---

* CLS 1961, § 257.706 (Stat Ann 1960 Rev § 9.2406).

The trial court in its instructions repeatedly referred to contributory negligence and to the possibility of negligence on the part of plaintiff which might have contributed to his own injury. The instructions taken as a whole amply informed the jury on the proximate cause element of contributory negligence. *Neander* v. *Clampett* (1955), 344 Mich 292, 295, 296. *Mack* v. *Precast Industries, Inc.* (1963), 369 Mich 439, patently does *not* stand for the proposition that the jury must be instructed that plaintiff's contributory negligence must be substantial in order to preclude his recovery. To so interpret that case is to mistake *obiter dicta* for the holding of the case. Michigan does not attempt subtle distinctions in the degree of contributory negligence; this is the true import of the *Mack Case.*

The plaintiffs' second claim of error—the refusal of the trial court to instruct the jury that defendant Lenderink was guilty of negligence as a matter of law—is well founded. Defendant Lenderink testified positively that his truck was parked no less than 17 feet and no more than 18 feet from the crosswalk. CLS 1961, § 257.674 (Stat Ann 1960 Rev § 9.2374) prohibits the parking of vehicles within 20 feet of an intersection crosswalk. Defendant Lenderink established his violation of the statute by his own admission in open court. Both plaintiffs and defendant Lenderink agreed to facts establishing defendant Lenderink's violation of the statute. The plaintiffs were entitled to a jury instruction to the effect that defendant Lenderink's violation of the statute established his negligence as a matter of law, leaving only the issues of proximate cause and contributory negligence for a jury determination in regard to defendant Lenderink. *Holbert* v. *Staniak* (1960), 359 Mich 283. Plaintiffs requested such an instruction, and when it was denied they

saved their objection. Failure by the trial court to so instruct the jury was reversible error.

In regard to the third issue raised by plaintiffs, a certain portion of a deposition by a police officer (Officer Billingsley) was excluded from evidence by the trial court. When plaintiffs' attorney asked the court, out of the presence of the jury, to explain the reason for the exclusion, the court stated that since the deposition was in fact hearsay, it must be excluded unless it was introduced to impeach the credibility of a certain witness by showing inconsistent statements made by that witness. Because the witness did not deny making inconsistent statements, the court held that the portion of the deposition sought to be introduced could not function to impeach the witness and was excludible hearsay. Further, the attorney for plaintiffs, after some discussion, waived any objection to the exclusion when he said:

"All right your honor, then if I make that statement in final argument and if it is objected to by defense counsel that that is not what she said, I hope that the court will sustain my position as to what was said because I intend to make that statement in the closing argument that she did state she told the police officer this although I must admit, your honor, that is not my recollection of the testimony."

Plaintiffs' attorney did in fact take advantage of the court's acquiescence in this regard in his summation argument.

Judgment affirmed as to defendants Veenstra, and reversed and remanded for a new trial as to defendant Lenderink. Costs to defendants Veenstra. Costs to attend final result as to plaintiffs and defendant Lenderink.

LESINSKI, C. J., and HOLBROOK, J., concurred.