WOHLGELERNTER *v.* MOFFATT

1. AUTOMOBILES—PEDESTRIANS—DUTY OF CARE.

   City ordinance dealing with pedestrians legally in a crosswalk having right-of-way over automobile traffic does not excuse a pedestrian from the exercise of any care or caution once he is in the crosswalk.

2. AUTOMOBILES—NEGLIGENCE—FACT QUESTION.

   The questions of whether defendant automobile driver was guilty of negligence and plaintiff pedestrian was guilty of contributory negligence are questions of fact for the jury to determine in an action by pedestrian against driver for injuries received in an intersection automobile accident.

3. AUTOMOBILES — NEGLIGENCE — TRIAL — INSTRUCTIONS TO JURY — READING OF ORDINANCE.

   There is no rule against reading statutes or ordinances in instructing a jury, and in this case the reading of the ordinance adequately informed the jury of its meaning and there was no need for further explanation.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 10, 1969, at Detroit. (Docket No. 4,891.) Decided February 28, 1969. Rehearing denied April 4, 1969. Leave to appeal denied December 16, 1969. See 383 Mich 752.

Complaint by Solomon Wohlgelernter against Frederick Moffatt and Sydney Ennis for damages

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 207, 209.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.
[3] 53 Am Jur, Trial § 542.

.

resulting from plaintiff being struck by defendants' automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for plaintiff.

*Eggenberger & Eggenberger,* for defendants.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. This is a case involving plaintiff, a pedestrian, in an automobile accident at an intersection. Plaintiff-appellant contends that an ordinance of the city of Detroit defines the standard of care and that the ordinance creates a situation where reasonable minds would not differ. *Ergo,* he states, a favorable decision should have been entered by the court, notwithstanding the verdict of the jury.

The second alleged ground for error is based upon the trial judge's failure, or refusal, to give a requested instruction to the jury.

On the first issue, plaintiff's construction of the ordinance is not tenable. The ordinance deals with pedestrians legally in a crosswalk having the right of way, and he alleges that once in the crosswalk they have little duty to exercise any care or caution. This conclusion is not correct. Negligence and contributory negligence of a pedestrian are questions of fact for the jury. Whether plaintiff exercised reasonable care is a fact question. See *Ortega* v. *Lenderink* (1968), 10 Mich App 190. In the instant case, the verdict of no cause of action is sustained; there was no legal issue which would allow court intervention.

The second question revolves around whether the court erred in failing to give plaintiff's requested instruction that an unmarked crosswalk, as defined in the Detroit ordinance, existed at the intersection in question. The ordinance was twice read to the jury but plaintiff asserts it should have been explained and interpreted.

There is no rule against reading statutes or ordinances in instructing a jury, *White* v. *Vandevelde* (1938), 284 Mich 669. In the present case, the reading of the ordinance adequately informed the jury of its meaning and there was no need to refer to plaintiff's requested instruction. The ordinance is not so unclear in and of itself that it could not be understood by a layman. Additional detail is discretionary as is the use of a proffered instruction.

Affirmed. Costs to appellees.