DONHOST *v.* VAN YORK

1. AUTOMOBILES—TRAFFIC SIGNAL—LEFT TURN—RIGHT-OF-WAY—STATUTES—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE.

Plaintiff motorist, who approached an intersection light when it was green and had half completed his signalled left turn on a yellow light when defendant's oncoming vehicle collided with him, was not contributorily negligent as a matter of law because he failed to wait until the light was red before making his left turn, because a left-turning motorist can acquire the right-of-way over oncoming traffic even though the light is green or yellow, under the statute relating to rights-of-way of left-turning vehicles at intersections (MCLA § 257.650).

2. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — IMMEDIATE HAZARD — STATUTES — TRAFFIC LIGHT — LEFT TURN — EVIDENCE.

Defendant's oncoming vehicle was not, as a matter of law, an immediate hazard requiring plaintiff to yield the right-of-way where plaintiff's testimony, corroborated by his passenger, showed that plaintiff believed he had ample time to make a left turn on a yellow light without interfering with oncoming traffic, that he was extremely surprised when he saw how fast defendant had approached the intersection, that plaintiff accelerated in vain to avoid the ensuing collision, defendant's trial testimony conflicted with his pretrial deposition regarding the distance at which he first noticed plaintiff's vehicle, consequently, the trial court erred in holding plaintiff negligent as a matter of law (MCLA § 257.650).

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 April 9, 1970, at Detroit. (Docket

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 200.
8 Am Jur 2d, Automobiles and Highway Traffic §§ 799–802.

No. 5,729.)  Decided May 25, 1970.  Leave to appeal denied July 30, 1970.  See 383 Mich 811.

Complaint by Walter E. Donhost, for himself and as next friend of Ernest J. Donhost, against Wilfred T. Van York to recover for injuries sustained in an automobile collision.  Directed verdict for defendant.  Plaintiff appeals.  Reversed and remanded.

*Lopatin, Ward, Miller & Binds* (*Theodore M. Rosenberg,* of counsel), for plaintiff.

*Bruce W. Franklin,* for defendant.

Before:  J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

V. J. BRENNAN, J.  This action arises from an automobile accident which occurred on December 11, 1964, at approximately 7:25 p.m., at the intersection of Evergreen and West Chicago in the city of Detroit.

At the trial, held before a jury on November 14, 1967, plaintiff testified:

"I proceeded south on Evergreen at which time I came to West Chicago, turning on my turning signals, to turn left.  At which time I stopped and waited for traffic to clear.  There was other cars making a left hand turn from the opposite direction, a car made a left turn and a car behind it moved up, and he stopped with no turn signal on, and I waited approximately twenty seconds longer, until all the cars had cleared except this one, I could see Mr. York's car approximately 200 feet, 250 feet back, his lights, and I proceeded with my turn.  At which time I realized when I was half-way

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

through, Mr. York had moved a tremendous distance, it surprised me that he had moved that far. As I continued I just watched him move at a tremendous rate of speed into the car, causing it to spin."

It was plaintiff's theory that defendant had accelerated rapidly in an attempt to get through the intersection before the light changed to red. In this regard, plaintiff testified that the light was green when he approached the intersection but changed to yellow as he proceeded to complete his turn, that he believed there was ample time to make his turn without interfering with oncoming traffic, that he was extremely surprised when he saw how fast defendant approached the intersection, and that he accelerated in vain to avoid the ensuing collision. This testimony was corroborated by Linda Steier, a passenger in plaintiff's automobile.

Plaintiff called defendant for cross-examination pursuant to MCLA § 600.216 (Stat Ann 1962 Rev § 27A.2161). Defendant testified that he was driving north on Evergreen in the curb lane at no more than 30 miles per hour, that the light was green in his favor and that he did not see plaintiff's car until he was only two to three car lengths (20–30 feet) from the intersection. Plaintiff established that on February 22, 1966, defendant had testified on deposition that he was only three to six feet from the intersection when he first saw plaintiff's car.

At the close of plaintiff's liability proofs, the court directed a verdict for defendant of no cause of action. The court based its ruling on MCLA § 257-.650 (Stat Ann 1968 Rev § 9.2350) and *DeCoopman* v. *Hammond* (1937), 279 Mich 619. The statute provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-

way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn: Provided, That at an intersection at which a traffic signal is located, a driver intending to make a left turn shall permit vehicles bound straight through in the opposite direction which are waiting a go signal to pass through the intersection before making the turn."

The court theorized that under the statute and *DeCoopman* a motorist must wait until the light changes to red before completing a left turn from the middle of an intersection. Since the plaintiff did not wait until the light turned red, but instead completed his turn on a yellow light, he was contributorily negligent as a matter of law. A second theory of contributory negligence was tendered by the court upon denying plaintiff's motion for a new trial. Under this theory, defendant's automobile was said to have constituted an "immediate hazard" when the turn was made.

We proceed first to the question whether a motorist must wait for a signal light to change to red before completing a left turn, that is, whether the plaintiff here was without a right-of-way and was therefore contributorily negligent as a matter of law.

In *DeCoopman* v. *Hammond, supra,* the facts were as follows:

"Woodward avenue, at Twelve Mile road in Oakland county, has a 39-foot parkway in the center, with 40-foot lanes for traffic on each side. June 17, 1934, at about the hour of 2:30 in the morning,

plaintiff drove his automobile south over the west traffic lane of Woodward avenue, intending to turn east on Twelve Mile road. He stopped at the intersection, turned east past the center parkway, stopped again and, before crossing the lane of northbound traffic on Woodward avenue, looked to the south and saw the lights of defendant's approaching car, estimated that it was from 600 to 900 feet away and, thinking he had time to cross ahead of it, started his car without looking again until just over the center of the traffic lane and then defendant's car was right upon him, struck his car, and he was injured." (at 619, 620.)

The jury found for plaintiff but the trial court entered a judgment notwithstanding the verdict. On appeal, the Supreme Court found no error:

"According the most favorable view to the evidence in behalf of plaintiff he was guilty of negligence in the eyes of the law. Plaintiff saw the lights of the approaching automobile; it was nighttime; he could but guess at its location, could tell nothing about its speed and he drove slowly in its pathway without paying any further attention to its approach until just as it struck his car. The ordinarily prudent man needs no prodding to awaken to the fact that such failure to watch a known approaching danger in the nighttime, with ability, had he done so, to have avoided the collision, was want of reasonable care.

"If defendant was exceeding the speed limit, as claimed by plaintiff, such fact cannot be held an excuse of plaintiff's want of reasonable care." (at 620.)

Despite the similarity of *DeCoopman* to the present case, the two cases are clearly distinguishable. *DeCoopman,* unlike this case, involved an intersection of a through street and a stop street, and thus the plaintiff, in completing his turn, had no reason

to believe that the approaching motorist would slow or stop. Moreover, there is nothing in *DeCoopman* to support the trial court's view that:

"Only when the person is in the intersection at the time of the red light, do they gain the right-of-way to complete their turn, and not when it is green, nor when it is amber."

In contrast, the Court in *Neander* v. *Clampett* (1955), 344 Mich 292, considered the same statute and a factual situation similar to the one presented here:

"Next, plaintiff says that the court erred in charging that after defendant entered the intersection he was required to yield to vehicles approaching from the opposite direction, which were either in or near the intersection, and to give the appropriate signal, and that then he might proceed to turn left and that other vehicles approaching from the opposite direction at a greater distance were then required to yield the right-of-way to defendant. The instruction was in accord with CLS 1954, § 257.650 (Stat Ann 1952 Rev § 9.2350), and, was not in error. Plaintiff's contention that it was improperly given appears to stem from her position that the law required defendant, after entering the intersection under a favorable green light, to stop and wait for a change in the traffic light before completing the left turn. We are cited to no statutory or ordinance authority for that view." (at 295.)

Thus, it is possible under the statute for a left-turning motorist to acquire the right-of-way over oncoming traffic even though the light is green or yellow. See, also, *City of Dearborn* v. *Bacila* (1958), 353 Mich 99.

It appears from the record that the trial court was of the opinion that the "provided" clause was the only portion of the statute relevant to this case.

This was error. Not only is the language prior to that clause relevant, it is determinative. The "provided" clause determines only that motorists awaiting a green signal and intending to go straight through the intersection have the right-of-way over a left-turning motorist awaiting a green signal from the opposite direction.

The second question presented is whether the trial court erred in ruling that under the evidence most favorable to the plaintiff, defendant's vehicle constituted an immediate hazard when the turn was made and therefore plaintiff was negligent as a matter of law. This question is decided by *Oppenheim* v. *Rattner* (1969), 6 Mich App 554, which closely approximates the case at bar:

"Richard Rattner, heading west on Maple road, was in the intersection of Franklin road waiting to make a left-hand turn onto Franklin. According to his testimony he observed two cars approaching the intersection from the west, the first about 20 feet away and the second about 100 yards away. He concluded that he could make the turn in safety after the first car passed him, and as he attempted to execute this maneuver after the first car passed him, his car collided with the second car as it entered the intersection." (at 556.)

The trial court refused to direct a verdict against the left-turning motorist. On appeal, this Court ruled:

"Regarding the direction of a verdict, we are committed to the proposition that negligence will be determined as a matter of law only when no reasonable men could draw a different conclusion from the circumstances established. See *Kroll* v. *Katz* (1965), 374 Mich 364; *Alley* v. *Klotz* [(1948), 320 Mich 521].

"Here a careful examination of the record does not convince us that defendant's conduct was such

as to require all reasonable men to conclude he was negligent. We find no error here." (at 558.)

See also, *Wallace* v. *Rosenfeld* (1938), 285 Mich 204; *Pline* v. *Parsons* (1925), 231 Mich 466; *City of Dearborn* v. *Bacila, supra; Barnum* v. *Berk* (1931), 256 Mich 363.

Reversed and remanded.

All concurred.